**Larry JONES, Appellee,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction; Willis Sargent, Warden; David Hoffman, Assistant Warden of Security, Defendants,**

**Floyd A. McHan, Field Major, Cummins Unit, Appellant.**

**No. 93–3859.**

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1994.

Decided July 11, 1994.

David Eberhard, Little Rock, AR, argued, for appellant.

Robert Ross, Little Rock, AR, argued, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Floyd McHan appeals the district court's award of attorney's fees of $25,000 in this prisoner civil rights action. We affirm the district court's award of fees, but remand to the district court to reduce the award to $10,000.

Larry Jones filed this action against A.L. Lockhart, the Director of the Arkansas Department of Correction, Willis Sargent, the Warden of Cummins Unit, David Hoffman, the Assistant Warden of Cummins Unit, and Floyd A. McHan, the Field Major. He alleged deliberate indifference to his serious medical needs, excessive force, and failure to supervise. The district court appointed counsel and the action was tried to a jury.

At the close of the evidence, the district court sustained defendant Lockhart's motion for judgment as a matter of law. The jury awarded Jones $1.00 in compensatory damages and $1.00 in punitive damages on the claim of excessive force against McHan. Defendants prevailed on all other claims.

Jones moved for attorney's fees in the amount of $31,540. The district court awarded $25,000 in fees. Although acknowledging that Jones had not been completely successful, the district court found that Jones had "alleged, *inter alia,* that defendant McHan physically abused him and deprived the plaintiff of important medical attention in such measure as to constitute 'cruel and unusual punishment' under the Eighth Amendment to the United States Constitution." *Jones v. Sargent,* No. PB–C–91–055, Order at 4 (E.D.Ark. Oct. 21, 1993). The district court further stated: "The jury found ample evidence to support that allegation and the Court agrees with its determination." *Id.*

McHan concedes that Jones is a prevailing party and is entitled to fees under 42 U.S.C. § 1988. However, McHan urges us to reduce the amount of fees under the doctrine announced in *Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). In *Farrar,* the Supreme Court disallowed fees in the amount of $280,000 as unreasonable where the plaintiff won only $1.00 in nominal damages. *Id.* at ——, 113 S.Ct. at 575.

We find that this case is distinguishable from *Farrar.* The *Farrar* holding does not prohibit a fee award in this case. *See, e.g., Casey v. City of Cabool,* 12 F.3d 799 (8th Cir.1993); *Loggins v. Delo,* 999 F.2d 364 (8th Cir.1993) (awarding attorney's fees in post-*Farrar* civil rights cases).

In her concurring opinion in *Farrar,* Justice O'Connor weighed three factors to determine whether the plaintiff had won a mere

technical victory in a civil rights case: 1) the difference between the amount recovered and the damages sought; 2) the significance of the legal issue on which the plaintiff prevailed; and 3) any public goal or purpose the litigation might have served. *Farrar,* —— U.S. at ————, 113 S.Ct. at 578–79 (O'Connor, J., concurring). Applying those indicia of success to the present case, we find that Jones is entitled to attorney's fees. First, although there is a discrepancy between the amount of damages sought and the amount recovered ($860,000 sought, $2 recovered), it pales in comparison to the discrepancy presented in *Farrar* ($17,000,000 sought, $1 recovered). *Id.* at ——, 113 S.Ct. at 571. Second, we find that vindication of the constitutional right to be free from cruel and unusual punishment is a significant legal issue in contrast to the injury to a business interest alleged in *Farrar. See id.* at ——, 113 S.Ct. at 570. Third, civil rights litigation serves an important public purpose; "[a] plaintiff bringing a civil rights action 'does so not for himself alone but also as a "private attorney general," vindicating a policy that Congress considered of the highest priority.'" *Casey,* 12 F.3d at 805 (quoting *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)).

Additional factors distinguish Jones from the plaintiff in *Farrar.* Counsel here handled the litigation efficiently and the award does not produce any "windfall" to counsel. Most importantly, Jones was awarded punitive damages. We therefore determine that Jones's victory, though minimally compensated, was not pyrrhic or technical.

 We next turn to the amount of the award. The district court's determination with respect to fees is reversible only if the court abused its discretion. *Casey,* 12 F.3d at 804. With that standard in mind, we find that the district court abused its discretion in awarding the sum of $25,000. In awarding that amount, the district court relied on the fact that Jones had succeeded on his claim for deliberate indifference to serious medical needs. To the contrary, Jones did not prevail on that claim, but prevailed only on the excessive force claim. The jury found against Jones on all claims of deliberate indifference to serious medical needs. Under the circumstances, the district court abused its discretion by considering Jones's success on that issue as a factor in its fee award. Considering that counsel was appointed by the court and ably performed his duties, and that Jones prevailed on one issue, not two, we find that $10,000 is an appropriate award.

Accordingly, we remand to the district court for entry of judgment for attorney's fees in the amount of $10,000.