47 F.3d 944
 Larry MILTON, Plaintiff-Appellant,
v.
DES MOINES, IOWA, City of; Joanne Pollock, Individually and
in official capacity, Defendants,
Thomas Heller, Individually and in official capacity as
Police Officer, Defendant-Appellee,
Stephen Strawser, Individually and in official capacity as
Police Officer, Defendant.
 No. 94-1533.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 11, 1994.
Decided Feb. 8, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied March
27, 1995.*
 
 Alfredo Parrish, Des Moines, IA, argued, for appellant.
 Bruce Bergman, Des Moines, IA, argued (Emily Gould Chafa, on the brief), for appellee.
 Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 HANSEN, Circuit Judge.
 
 
 1
 Larry Milton appeals the district court's[1] denial of his application for attorney's fees pursuant to 42 U.S.C. Sec. 1988 and for costs, originally in an amount of over $79,000, following a jury verdict of $1 against one defendant in his civil rights action. We affirm the district court's denial of attorney's fees and costs.
 
 
 2
 Larry Milton filed this action against three Des Moines police officers, the City of Des Moines, Iowa, and Broadlawns Medical Center on claims arising from an incident where the police injured Milton during an arrest. Milton claimed that the police used excessive force during the arrest by beating him with flashlights, that the police used racially discriminatory language, and that the city tolerated a pattern or practice of allowing police officers to use flashlights as a weapon, all in violation of Milton's constitutional rights. Milton also claimed that the city and the officers were guilty of negligence per se for violating police department regulations and that their actions amounted to assault and battery. Milton's claim against Broadlawns Medical Center, where Milton was treated after the incident, alleged wrongful disclosure of his medical records. Milton sought compensatory damages for his injuries, his physical and mental pain and suffering, his humiliation and emotional distress, and the deprivation of his constitutional rights. Milton also sought punitive damages and costs, including attorney's fees.
 
 
 3
 Before trial, Milton dismissed his claim for punitive damages and dismissed with prejudice his claims against Broadlawns Medical Center. The district court granted summary judgment on the negligence claim and bifurcated the claims against the city, which were subsequently dismissed. The remaining claims against the three officers for use of excessive force and assault and battery were tried to a jury. The evidence showed that during the arrest, Milton suffered blows to the head that resulted in medical bills totalling approximately $6,000. The jury found that one officer, Thomas Heller, was liable for use of excessive force and battery. The jury awarded Milton $1 in damages for past physical and mental pain and suffering caused by Thomas Heller. The jury returned verdicts against Milton and in favor of the other two officers.
 
 
 4
 Milton filed in the district court an application for attorney's fees pursuant to 42 U.S.C. Sec. 1988 and for court costs. The district court denied the application, reasoning that while Milton was a prevailing party within the meaning of the statute, his moral victory and nominal award of damages were not of such great public significance as to justify an award of attorney's fees. For similar reasons, the district court denied Milton's request for costs. Milton appeals.
 
 
 5
 Milton challenges the district court's refusal to award attorney's fees under section 1988, which states in part as follows:
 
 
 6
 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 7
 Under the plain language of this provision, once a litigant is a "prevailing party," then the district court has discretion to award either a reasonable attorney's fee as part of the costs or no attorney's fee at all. "A plaintiff who wins nominal damages is a prevailing party under Sec. 1988." Farrar v. Hobby, --- U.S. ----, ----, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). There is no dispute that under Farrar, Milton is a prevailing party within the meaning of Sec. 1988.
 
 
 8
 The district court's determination of whether to award attorney's fees and the amount of any such award is reversible only upon the showing of an abuse of discretion. See Hendrickson v. Branstad, 934 F.2d 158, 162 (8th Cir.1991). "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Farrar, --- U.S. at ----, 113 S.Ct. at 575 (internal citation omitted). In Farrar, the Court stated that when a plaintiff seeks compensatory damages, an award of nominal damages often only "highlights the plaintiff's failure to prove actual, compensable injury." Id. at ----, 113 S.Ct. at 575. Circuit courts applying the holding of Farrar in this type of situation have found no abuse of discretion in a district court's decision to deny attorney's fees. See, e.g., Carter v. Burch, 34 F.3d 257, 265-66 (4th Cir.1994) (no abuse of discretion to deny attorney's fees where plaintiff who sought compensatory damages received only nominal damages); Cramblit v. Fikse, 33 F.3d 633, 634-36 (6th Cir.1994) (same).
 
 
 9
 We have held, however, that the Farrar opinion does not completely foreclose an attorney's fee award when a plaintiff receives only nominal damages. See Jones v. Lockhart, 29 F.3d 422 (8th Cir.1994) (plaintiff awarded nominal compensatory damages, nominal punitive damages, and attorney's fees). The language of the Farrar opinion goes no farther than to say that in such situations "the only reasonable fee is usually no fee at all." --- U.S. at ----, 113 S.Ct. at 575 (emphasis added). The Court explained that "the technical nature of a nominal damages award ... goes to the reasonableness of the fee award ... [and] the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Id. at ----, 113 S.Ct. at 574 (internal quotations and citations omitted).
 
 
 10
 In Jones, a prisoner's civil rights case, we allowed a fee award where the plaintiff recovered $1 as compensatory damages and $1 as punitive damages on an Eighth Amendment cruel and unusual punishment claim. 29 F.3d at 423. We found no abuse of discretion in the district court's decision to award attorney's fees, but we remanded with instructions for the district court to reduce the amount from $25,000 to $10,000. Id. at 424. We concluded that the district court did not abuse its discretion by awarding attorney's fees because "Jones's victory, though minimally compensated, was not pyrrhic or technical." Id. We reasoned that (1) while the discrepancy between the amount claimed and the amount received in Jones was great ($860,000 sought, $2 recovered), it paled in comparison to the type of discrepancy present in Farrar ($17,000,000 sought, $1 recovered); (2) the right to be free from cruel and unusual punishment was a significant issue as opposed to the business issue alleged in Farrar; and (3) civil rights litigation serves an important public purpose. Id. See also Farrar, --- U.S. at ----, 113 S.Ct. at 578-79 (O'Connor, J., concurring). Additionally, and "[m]ost importantly, Jones was awarded punitive damages." Id.
 
 
 11
 In this case, the district court considered that Milton originally filed suit against the city, the medical center, and three police officers, and he sought punitive as well as compensatory damages for the alleged injuries and violations of his constitutional rights. The district court considered that Milton subsequently withdrew his claim for punitive damages, dismissed with prejudice his claims against Broadlawns Medical Center, and failed to prove his claims against two of the three police officers whom he alleged wrongfully injured him. The case against the city was ultimately dismissed. The district court also considered that Milton received only $1 in compensatory damages for past pain and suffering and recovered nothing for his other claims of damages. The district court acknowledged that a claim of excessive force is of great public importance, but also acknowledged that the message it sends is not new to members of the Des Moines police department. Cf. Wilcox v. City of Reno, 42 F.3d 550 (9th Cir.1994) (fees were awarded where the lawsuit uncovered an unconstitutional city policy, an officer was disciplined, and the city modified its use of force policy as a result of the litigation). Further, the district court found that Milton's racial discrimination claim was not an important factor to the jury in deciding this case because Milton recovered no judgment against the officer whom Milton alleged used racial slurs against him.
 
 
 12
 Although some of the same factors considered in Jones were also present in this case--i.e., the discrepancy between the amount claimed and the amount received was not as great as in Farrar, and the civil right Milton sought to vindicate was a significant issue contrary to the issue in Farrar--these factors do not dictate an award of attorney's fees. The district court retains its discretion and specifically considered all of the relevant factors of this case in making the fee determination. Were we the district court, we might have reached a different result; nevertheless, we cannot say that the district court abused its discretion here given its express consideration of all the factors listed above.
 
 
 13
 Milton also applied for costs against Thomas Heller pursuant to Federal Rule of Civil Procedure 54(d), which states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Again, an abuse of discretion standard controls our review when the district court expressly denies an application for costs. See Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir.1992) ("district court has substantial discretion in awarding costs to a prevailing party"). "An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved." Id.
 
 
 14
 To determine whether to award costs, the district court considered the same factors mentioned in the attorney's fees discussion above and also considered it significant that Milton was a prevailing party as to only one defendant. Three defendants were found not liable to Milton; therefore, they were prevailing parties entitled to costs against Milton. The district court determined that on balance, fairness required each party to bear his or her own costs and expenses. Again, although we might have decided the costs issue differently in the first instance, we are mindful that this is not the first instance. We cannot say that the district court abused its discretion.
 
 
 15
 Accordingly, we affirm the district court's denial of attorney's fees and costs in this action.
 
 
 
 *
 Judge McMillian and Judge Morris Sheppard Arnold would grant the suggestion for rehearing en banc
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa