Victor PIPER; Weston Goudy; Goudy
Bail Bond Company; Kent Goudy,
Plaintiffs/Appellees,

v.

David OLIVER; Dennis Roberts,
Defendants/Appellants.

Victor PIPER, Plaintiff/Appellant,

Weston Goudy; Goudy Bail
Bond Company; Kent
Goudy, Plaintiffs,

v.

David OLIVER; Dennis Roberts,
Defendants/Appellees.

Victor PIPER; Weston Goudy; Goudy
Bail Bond Company; Kent Goudy,
Plaintiffs/Appellees,

v.

David OLIVER; Dennis Roberts,
Defendants/Appellants.

Victor PIPER, Plaintiff/Appellant,

Weston Goudy; Goudy Bail
Bond Company; Kent
Goudy, Plaintiffs,

v.

David OLIVER; Dennis Roberts,
Defendants/Appellees.

Nos. 95–1040, 95–1472, 95–
1473 and 95–1474.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1995.

Decided Nov. 7, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied Dec. 29, 1995.*

* Judge Bowman and Judge Loken would grant the suggestion for rehearing en banc.

Rick D. Hogan, Little Rock, Arkansas, argued (Winston Bryan as Attorney General of Arkansas, and Robert A. Russell, Jr., on the brief), for appellants/cross-appellees.

H.E. Cummins, Little Rock, Arkansas, argued, for appellee/cross-appellants.

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

WOLLMAN, Circuit Judge.

Appellant police officers contest the district court's[1] award of attorney's fees in favor of Victor Piper in this 42 U.S.C. § 1983 action in which Piper recovered only nominal damages. We affirm.

## I. Facts and Procedural History

Piper, an Arkansas bail bondsman, was illegally detained at the Ashley County Jail for approximately three hours while police officers made the determination to confiscate and forfeit as drug money a $2,500 payment by one of Piper's clients. After determining

that the detention violated Piper's Fourth Amendment rights, the district court awarded him one dollar in nominal damages. The court awarded neither compensatory nor punitive damages.

Piper submitted a petition requesting $21,303.72 in attorney's fees and $854.72 in costs pursuant to 42 U.S.C. § 1988. The court awarded $7,500 to cover fees and costs. Piper then requested an additional $1,485 in fees and $115.11 in costs for litigating the fee issue. The court awarded an additional $750. Appellants contest the appropriateness of these awards in light of the nominal damages award. Piper cross appeals, arguing that the district court abused its discretion in awarding only a fraction of the fees requested.

## II. Discussion

■ We review the district court's award of attorney's fees for abuse of discretion. See Casey v. City of Cabool, 12 F.3d 799, 804 (8th Cir.1993), cert. denied, — U.S. —, 115 S.Ct. 325, 130 L.Ed.2d 285 (1994).

■ Fee shifting in § 1983 cases is governed by 42 U.S.C. § 1988, which permits a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." A party who recovers even nominal damages is a prevailing party under § 1988. Farrar v. Hobby, 506 U.S. 103, —, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). Although the parties agree that, under Farrar, Piper is a prevailing party, appellants challenge the district court's fee award as unreasonable in light of Piper's limited success.

■ In Farrar, the United States Supreme Court held that although the nominal nature of an award does not affect the prevailing party inquiry, the degree of the plaintiff's overall success does bear on the reasonableness of a fee award. 506 U.S. at —, 113 S.Ct. at 574. Indeed, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief the only reason-

---

1. The Honorable Henry F. Barnes, United States District Judge for the Western District of Arkansas.

able fee is usually no fee at all." *Id.* at ——, 113 S.Ct. at 575 (citation omitted). In her concurrence, Justice O'Connor pointed out that the Court was not foreclosing recovery of attorney's fees in nominal damages cases. Justice O'Connor acknowledged that although nominal awards often represent technical or pyrrhic victories that merit no award of attorney's fees, "that is not to say that all nominal damages awards are *de minimis.*" *Id.* at ——, 113 S.Ct. at 578 (O'Connor, J., concurring). The court must evaluate each nominal damages case individually to determine if the plaintiff's victory is merely "technical" or "pyrrhic." After making such a finding, the court is excused from engaging in the typically complex process of attorney's fee calculations. Instead, "it is enough for a court to explain why the victory is *de minimis* and announce a sensible decision to 'award low fees or no fees at all.'" *Id.* at ——, 113 S.Ct. at 576 (quoting *Farrar* majority opinion).

■ We have followed Justice O'Connor's reasoning in granting district courts discretion to evaluate each nominal damages case individually. *Milton v. Des Moines*, 47 F.3d 944, 946 (8th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995); *Jones v. Lockhart*, 29 F.3d 422, 423 (8th Cir.1994). A district court's task is to use the factors set out by Justice O'Connor and adopted by this circuit in *Lockhart*, to determine whether a civil rights plaintiff's victory was merely a technical or pyrrhic one that merits no award of attorney's fees. *See Jones*, 29 F.3d at 423–24.

The three factors used to determine the nature of the plaintiff's victory are: 1) the difference between the amount of damages recovered and the amount sought; 2) the significance of the legal issue; and 3) the public goal or purpose that the litigation served. *Id.* at 424.

The district court applied these factors and determined that Piper's success merited a fee award. Specifically, the court noted that the discrepancy between the amount sought and the amount received by Piper was in no way comparable to that in *Farrar*; Piper's right to be free from illegal detention was a significant one; and a public goal had been served by Piper's victory in encouraging appellants to refashion their forfeiture procedures to avoid future illegality.

Appellants attempt to distinguish our fee award in *Jones* based on the one dollar award of punitive damages in that case. Although in *Jones* we noted the important role the punitive award played in determining that the plaintiff's victory was not merely technical, we did not preclude recovery of attorney's fees in cases where no punitive damages were awarded.

■ The deferential abuse of discretion standard has been and remains paramount to our review of a district court's decision to grant or deny attorney's fees in a nominal damages case. *See Jones*, 29 F.3d at 422 (affirming the district court's award of fees, but remanding to reduce the amount); *Milton*, 47 F.3d at 944 (affirming the district court's denial of attorney's fees). In this case, the district court engaged in a careful *Jones* analysis and determined that Piper won more than a technical victory. The court then evaluated Piper's requested fees in light of the nominal damages award and reduced the fees by almost two-thirds. Finding no abuse of discretion in the district court's decision, we affirm.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. When the plaintiff in a § 1983 case recovers one dollar in nominal damages, as Victor Piper did here, "the only reasonable fee is usually no fee at all." *Farrar v. Hobby*, 506 U.S. 103, ——, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992). Instead, the district court awarded Piper a fee equal to 100% of the compensatory damages he *demanded* at the start of the case. The district court's opinion applied the multi-factor test of *Jones v. Lockhart*, 29 F.3d 422 (8th Cir.1994), without even mentioning the usual rule prescribed in *Farrar*. In my view, that court made a clear error of law by ignoring the controlling Supreme Court standard.

This was a run-of-the-mill § 1983 damage claim to which the usual rule should apply. By applying *Jones v. Lockhart* to uphold an award of all the attorney's fees Piper could reasonably have expected had he won, this

court joins the district court in ignoring controlling Supreme Court precedent.  I would reverse.