**Benito VEGA**

v.

**George A. VOSE, Jr., Director of the Adult Correctional Institution, Kenneth Walker, Chairman of the Rhode Island Parole Board, Patricia Lefebvre, Parole Board Coordinator, Frederick Haibon, Captain and Supervisor of Records and I.D.**

**Civ. A. No. 93–0244T.**

United States District Court, D. Rhode Island.

Dec. 1, 1995.

Raymond A. Marcaccio, Blish & Cavanagh, Providence, R.I., for plaintiff.

David J. Gentile, Office of Legal Counsel, Department of Corrections, Cranston, R.I., for defendants.

## MEMORANDUM AND ORDER

LOVEGREEN, United States Magistrate Judge.

The plaintiff Benito Vega ("Vega" or "plaintiff") instituted suit pursuant to 42 U.S.C. § 1983 alleging that defendant correctional officials and Parole Board members violated his state and federal constitutional rights. Following a three day non-jury, consent trial before me, I determined that defendants had violated Vega's right to due process and awarded him $1 in compensatory damages. Presently before me is plaintiff's request for attorney's fees pursuant to 42 U.S.C. § 1988. A hearing was held on this matter on July 11, 1995. After listening to the arguments of counsel and reviewing the memoranda submitted, I decline to award plaintiff attorney's fees.

### *Background.*

The relevant facts of the instant case are briefly summarized below. In December, 1985, Vega pled no contest to criminal charges in the state court and received three years imprisonment, four years probation and a four year suspended sentence to run concurrently with the probation period. After serving approximately eight months of his sentence in the Adult Correctional Institution ("ACI"), Vega escaped on April 15, 1986. Vega was returned to the ACI on July 17, 1992, subsequently pled no contest to the escape charge and received a suspended sentence to run concurrently with probation. This sentence, however, added no additional time to Vega's prior, unfinished period of incarceration.

Following his return to prison, Vega calculated that his initial eligibility date for a parole hearing was approximately the end of November, 1992. His determination was based on R.I.Gen.Laws § 13–8–9, which essentially provides that a prisoner becomes

eligible for parole after serving one-third of his sentence. Since Vega had served approximately eight months prior to his escape and no additional incarceration time was added to his original sentence, parole eligibility should have been four months following his return to the ACI or November, 1992.

Between August, 1992 and November, 1992 Vega engaged in a flurry of correspondence with various administrators of the ACI and members of the Parole Board. From this correspondence, Vega learned that it was the Parole Board's policy not to review an escapee for possible parole until one year after his or her return to prison. However, at no time was Vega provided nor could he find a copy of any properly, adopted regulation that would justify such a policy.

Vega subsequently commenced suit on May 3, 1993, contending that various administrators of the ACI and members of the Parole Board violated his constitutional rights. Specifically, he alleged violations of Sections 9 and 10 of Article I and the Fourteenth Amendment to the United States Constitution and Article I, Sections 2 and 12 of the Rhode Island Constitution. The complaint sought compensatory and punitive damages against each defendant as well as injunctive relief.

Following a three day trial by consent, I found that defendant's due process rights under both the state and federal constitutions had been violated as the one year policy delaying parole eligibility had not been properly promulgated under Rhode Island's Administrative Procedures Act in 1992 when it had been applied to plaintiff. Although his due process rights had been violated, I awarded plaintiff only $1 in compensatory damages reasoning that:

The evidence is clear and certainly undisputed that even if plaintiff had his parole hearing in November, 1992 rather than in July, 1993, such hearing would have resulted in denial of parole. The record discloses that plaintiff appeared before the Board on two subsequent occasions with the result that parole was denied each time. Plaintiff served his entire sentence without parole.

Additionally, all of Vega's remaining claims were found to be without merit.

Presently before me is Vega's application for $40,734.57 in attorney's fees pursuant to The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988. Vega contends that he is a "prevailing party" within the strictures of § 1988 and, as such, asserts "reasonable" attorney's fees in the amount of $40,734.57 should be awarded. Relying heavily on *Domegan v. Ponte*, 972 F.2d 401 (1st Cir.1992), Vega argues fees in such an amount should be awarded as his attorneys' expenditures of time and fee rates were reasonable and that, although his monetary judgment was de minimis, his victory vindicated important constitutional rights. However, the state of Rhode Island counters that no fees should be awarded based on the recent Supreme Court decision of *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), and alternatively, if attorney's fees are awarded, such fees should be substantially reduced as plaintiff's request is unreasonable.

*Discussion.*

I. *42 U.S.C. § 1988.*

■ The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988 provides in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs.

Thus, in order to obtain attorney's fees under § 1988, a plaintiff in one of the enumerated civil rights actions must have been a "prevailing party" and any subsequent award must be "reasonable." *See Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

■ Recently, the United States Supreme Court in *Farrar* made clear that "a plaintiff who wins nominal damages is a prevailing party under § 1988." *Id.* at 112, 113 S.Ct. at 573. In the instant case, Vega received a judgment for $1 in compensatory damages. As such, Vega is a "prevailing party" under § 1988. Thus, the remaining inquiry shifts

to what amount of attorney's fees, if any, is reasonable given the facts and circumstances of this case.

## II. *Reasonable Attorney's Fees.*

 The Supreme Court in *Farrar* stated that "[a]lthough the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Id.* at 114, 113 S.Ct. at 574. In fact, the primary criterion "in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* (quoting in part *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). As previously noted, Vega received $1 in compensatory damages.

 It is also imperative to note that "[w]hatever the constitutional basis for substantive liability, damages awarded in a § 1983 action 'must always be designed to *compensate injuries* caused by the [constitutional] deprivation.'" *Farrar,* 506 U.S. at 115, 113 S.Ct. at 575 (quoting in part *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 309, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986)). "[T]he awarding of nominal damages ... highlights the plaintiff's failure to prove actual, compensable injury." *Farrar,* 506 U.S. at 115, 113 S.Ct. at 575 (citation omitted). The Supreme Court therefore has concluded that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief ... *the only reasonable fee is usually no fee at all* " under § 1988. *Id.* (Emphasis added).

 Vega, however, citing *Domegan v. Ponte,* 972 F.2d 401 (1st Cir.1992), argues that his $1 compensatory damages award was not a mere "technical" victory precluding an award of substantial attorney's fees under *Farrar.* The plaintiff's reliance on *Domegan* is sorely misplaced.

In *Domegan,* the First Circuit upheld a grant of substantial attorney's fees where plaintiff had received a $1 compensatory damages award for due process violations. Decided prior to *Farrar,* the vast majority of the Court's opinion was spent grappling with

the impact a nominal monetary award has on "prevailing party" status under § 1988—a question specifically put to rest in *Farrar. See* 506 U.S. at 111–12, 113 S.Ct. at 573 ("a plaintiff who wins nominal damages is a prevailing party under § 1988"). In briefly addressing the issue of the reasonableness of attorney's fees, the *Domegan* Court noted that the disproportion between the $1 compensatory damage award and the $41,441 granted in attorney's fees did not alone render such fees unreasonable.

Turning to the instant case, all of plaintiff's citations and quotations from *Domegan* originate from the "prevailing party" section of the Court's opinion and, as such, have little or no bearing on the reasonableness of any award of attorney's fees in this case. More importantly, the Supreme Court has vacated the judgment in *Domegan* and remanded the case back to the First Circuit "for further consideration in light of *Farrar.*" *Ponte v. Domegan,* 507 U.S. 956, 113 S.Ct. 1378, 122 L.Ed.2d 754 (1993) (Full citation omitted). Unfortunately, no First Circuit case subsequent to *Farrar* has yet dealt with the issue of what are reasonable attorney's fees under § 1988 where plaintiff receives a nominal monetary judgment.

However, many other Circuits have specifically dealt with this issue in the wake of *Farrar.* Most of the cases have adhered to *Farrar's* general rule that where only nominal damages have been awarded, ordinarily no attorney's fees should be bestowed. *See, e.g., Milton v. Des Moines, Iowa,* 47 F.3d 944 (8th Cir.1995) (upholding denial of attorney's fees where plaintiff received $1 in damages and message sent by victory on excessive force claim was not unique), *cert. denied,* —— U.S. ——, 116 S.Ct. 87, 133 L.Ed.2d 44; *Caruso v. Forslund,* 47 F.3d 27 (2nd Cir. 1995) (district court did not abuse its discretion in denying attorney's fees where plaintiff sought monetary relief, but received only nominal damages); *Carter v. Burch,* 34 F.3d 257 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1101, 130 L.Ed.2d 1068 (no abuse of discretion in denying attorney's fees for successful claims of withholding exculpatory evidence and malicious wounding where plaintiff received nominal compensatory dam-

ages); *Cramblit v. Fikse,* 33 F.3d 633 (6th Cir.1994) (no abuse of discretion to deny attorney's fees for victory on claim of unreasonable search where plaintiff recovered only nominal damages and primary goal was monetary recovery); *Cartwright v. Stamper,* 7 F.3d 106 (7th Cir.1993) (no attorney's fees for successful claim of unreasonable search and seizure where only nominal damages were recovered).

Although, a few courts have held that on the facts before them a departure from *Farrar's* general rule was warranted. *See, e.g., Koopman v. Water Dist. No 1 of Johnson County, Kansas,* 41 F.3d 1417 (10th Cir.1994) (despite being awarded only $1 in damages on successful due process claim, attorney's fees were warranted as plaintiff's victory had a significant impact on public employees, sent an important message and was not the result of protracted litigation), *cert. denied,* —— U.S. ——, 116 S.Ct. 420, 133 L.Ed.2d 337 (1995); *Jones v. Lockhart,* 29 F.3d 422 (8th Cir.1994) (attorney's fees appropriate despite only nominal damages for successful Eighth amendment claim where plaintiff recovered punitive damages, vindicated a significant right, and where discrepancy between amount claimed and received paled with discrepancy in *Farrar* ); *Cabrera v. Jakabovitz,* 24 F.3d 372 (2nd Cir.1994) (upholding substantial award of attorney's fees against one of multiple defendants, despite plaintiff's $1 damage award and minimal equitable relief against this defendant, as the victory sent the significant message that landlords can be held liable for employing real estate brokers who engage in racial steering), *cert. denied,* —— U.S. ——, 115 S.Ct. 205, 130 L.Ed.2d 135. The instant case, however, falls squarely within the Supreme Court's admonition that generally no attorney's fees should be awarded where only nominal damages have been recovered.

It is undisputed that the Parole Board had the power and authority pursuant to R.I.Gen. Laws § 13–8–14.1 to promulgate a regulation that postponed the early parole eligibility date of an escapee. Clearly imbued with the power to promulgate such a regulation, the Parole Board's constitutional violation occurred *only* when it failed to adopt such a rule utilizing Rhode Island's Administrative Procedures Act. Although I found the Parole Board's failure a violation of due process, this transgression remains clearly technical in nature.

The plaintiff conceded that even if he had his parole hearing in November, 1992, rather than in July, 1993, such hearing would have resulted in a denial of parole. In fact, plaintiff was twice denied parole by the board and served his entire sentence without being paroled. Nor did plaintiff's victory have a substantial and broad impact. The number of prisoners affected by such a decision is minimal since it only applies to prisoners who escaped prior to 1993 and are still incarcerated. Furthermore, as noted, the Parole Board clearly had the power and authority to promulgate such a regulation, but merely failed to do so in a manner prescribed by Rhode Island's Administrative Procedures Act.

It is also clear that even if plaintiff had been victorious on *all* of his claims, such a victory would have had no impact on his period of incarceration. Such a failing graphically illustrates the fact that plaintiff's complaint remained first and foremost an action for damages.

However, it must not be overlooked that "the denial of due process [is] actionable for nominal damages without proof of actual injury." Such a policy " 'recognizes the importance to organized society that [this] righ[t] be scrupulously observed" while "remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury'." *Farrar,* 506 U.S. at 112, 113 S.Ct. at 573 (quoting in part *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1053–54, 55 L.Ed.2d 252 (1978)). However, despite receipt of a nominal damage award for constitutional violations, *Farrar* insists that in such a case no attorney's fees ordinarily be awarded under § 1988.

Thus, the Supreme Court has admonished that although plaintiff and his attorney remain free to try and attempt to rectify the slightest constitutional transgressions, such quests should generally not be funded out of the government's coffers. Were I to award attorney's fees in the present case where plaintiff has achieved a mere technical victo-

ry, *Farrar's* admonition would be effectively eviscerated. Consequently, plaintiff's request for attorney's fees is denied.

So ordered.