Cecile L. **BREWER**, Plaintiff–
Respondent,

v.

Norman **TRIMBLE**, Defendant–Appellant,

and

City of Thayer, Missouri, a Municipal
Corporation of the Fourth Class,
Defendant.

No. 20610.

Missouri Court of Appeals,
Southern District,
Division One.

June 28, 1996.

Rick D. Moore, Brill, Moore & Wagoner, P.C., West Plains, for appellant.

W. Swain Perkins, Perkins Law Office, L.L.C., Thayer, for respondent.

BARNEY, Judge.

In this second appeal stemming from a 42 U.S.C.A. § 1983 (West 1994) action,[1] Norman Trimble (Defendant) appeals from the judgment of the trial court awarding Cecile Brewer (Plaintiff) attorney's fees in the amount of $6,809.54 for her trial level representation and $3,081.86 for her appellate representation.

Defendant now claims in his sole point on appeal that the trial court abused its discretion in awarding attorney's fees because Plaintiff recovered only nominal damages in the amount of one dollar in the underlying § 1983 action.

1. See Brewer v. Trimble, 902 S.W.2d 342 (Mo. App.1995).

2. Plaintiff also filed a cross appeal claiming the trial court abused its discretion by awarding less

Plaintiff originally filed suit against the City of Thayer, a fourth class city, and Defendant, a police officer for the City. Briefly the facts giving rise to the cause of action are as follows: Defendant clocked Plaintiff's automobile traveling inside the city limits at a speed in excess of posted limits. Defendant turned on his lights and followed Plaintiff's automobile about ⅖ of a mile outside the city limits at which time he stopped the pursuit. Defendant then continued along the same road, still outside of the city limits, and again gained sight of Plaintiff's vehicle at which time he turned on his lights and stopped her.

Plaintiff's petition alleged that Defendant acted without legal justification in stopping her "because a police officer of a fourth class city may not effectuate such a stop beyond the territorial boundaries of the city even if the defendant ... unsuccessfully attempted to stop the plaintiff within the city limits." The trial court granted Defendant City of Thayer's motion for directed verdict at the close of Plaintiff's evidence. The jury awarded Plaintiff $1.00 actual damages and no punitive damages. The trial court awarded attorney's fees in the amount of $3,404.77 by docket entry judgment.

On the first appeal, Defendant claimed that Plaintiff failed to state a cause of action, failed to make a submissible case and that Defendant was protected by qualified immunity. This Court affirmed the judgment finding that Defendant's actions were not reasonable in pursuing a vehicle beyond the city limits for traffic violations and therefore he was not immune from liability for the consequences of his actions. Brewer v. Trimble, 902 S.W.2d at 345. Defendant further appealed the trial court's award of attorney's fees.[2] This Court remanded the case (1) for a determination whether or not attorney's fees were, in fact, warranted under the circumstances of the case and (2) if warranted, the trial court was directed to provide a

attorney's fees than the amount she requested and in not issuing a concise detailed statement explaining the amount of fees awarded.

"concise, clear explanation of reasons for the award." *Id.* at 346.[3]

## I

■ 42 U.S.C.A. § 1988 (West 1994) permits the recovery of attorney's fees for a successful § 1983 litigant. The section provides in part:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The trial court has discretion to award either a reasonable attorney's fee as part of the costs or no attorney's fee at all. *Milton v. Des Moines,* 47 F.3d 944, 945 (8th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995). A trial court "has a 'special understanding' of the complexity of a case, and therefore is best equipped to determine the reasonableness of the hours expended by counsel." *Butler v. Dowd,* 979 F.2d 661, 676 (8th Cir.1992), *cert. denied,* 508 U.S. 930, 113 S.Ct. 2395, 124 L.Ed.2d 297 (1993). The trial court's decision of whether to award attorney's fees and the amount of those fees to be awarded is reversible only upon the showing of an abuse of discretion. *Id.*

■ The controlling United States Supreme Court standard for interpreting § 1988 is articulated in *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Under the terms of the statute, a litigant must be a "prevailing party" in order to be entitled to attorney's fees. *Id.* at 109, 113 S.Ct. at 572. In order to "qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Id.* at 111, 113 S.Ct. at 573. A plaintiff may be said to prevail "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."

*Id.* at 111-12, 113 S.Ct. at 573 "One dollar is not exactly a bonanza, but it constitutes relief on the merits. And it affects the defendant's behavior toward the plaintiff, if only by forcing him to pay one dollar—something he would not otherwise have done." *Id.* at 116–17, 113 S.Ct. at 576 (O'Connor, J., concurring). "The awarding of nominal damages for the 'absolute' right to procedural due process 'recognizes the importance to organized society that [this] righ[t] be scrupulously observed' while 'remain[ing] true to the principle that substantial damages should be awarded only to compensate actual injury.'" *Farrar,* 506 U.S. at 112, 113 S.Ct. at 573 (quoting *Carey v. Piphus,* 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978)). The Supreme Court in *Farrar* has clearly held that a litigant recovering only nominal damages is still a "prevailing party" under § 1988.

■ The essential question for purposes of this appeal is whether the trial court abused its discretion in awarding Plaintiff attorney's fees when only nominal damages were awarded by the jury. Defendant asks this Court to overturn the award of attorney's fees based on the *Farrar* decision.

■ "In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Farrar,* 506 U.S. at 115, 113 S.Ct. at 575. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is *usually* no fee at all." *Id.* (citation omitted) (emphasis added). *Farrar* lucidly sets out that "fee awards" under § 1988 were never intended to "produce windfalls to attorneys." *Id.* This appellate court concludes that the granting of attorney's fees in these types of civil rights cases, where the award of damages are

---

3. Upon remand the trial judge issued a new written Judgment as to the award of attorney's fees by doubling the original award of $3,404.77 to $6,809.54. Additionally, the trial judge awarded the amount of $3,081.86 to cover the costs and attorney's fees relating to the prior appellate action. The trial transcript shows that this new judgment authorizing attorney's fees for $6,809.54 reflects Plaintiff's attorneys' original request to the court for attorney's fees.

merely nominal in amount, constitute the exception rather than the rule.

There have been several decisions in the Eighth Circuit that have affirmed an award of attorney's fees although only nominal damages were awarded. *See Jones v. Lockhart,* 29 F.3d 422 (8th Cir.1994) (awarding $10,000.00 attorney's fees based on a recovery of $1.00 compensatory and $1.00 punitive damages); *Loggins v. Delo,* 999 F.2d 364 (8th Cir.1993) (awarding plaintiff $102.50 actual damages, injunctive relief and $25,000.00 in attorney's fees); *Piper v. Oliver,* 69 F.3d 875 (8th Cir.1995) (awarding $1.00 nominal damages and $8,250.00 in attorney's fees and costs). " '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " *Farrar,* 506 U.S. at 114, 113 S.Ct. at 574.

## II

The trial court stated in its judgment that "to deny attorney fees in this matter would have a 'chilling effect' in the prosecution of constitutional rights cases which would conflict with the reasoning of 42 USC § 1988[sic]." Missouri appellate courts recognize that a trial court has a special understanding of the complexity of a case and is generally in the best position to determine a reasonable attorney's fee. "The trial court is an expert on attorney's fees and does not require any evidence or other opinion as to their value." *Schnucks Carrollton Corp. v. Bridgeton Health and Fitness, Inc.,* 884 S.W.2d 733, 740 (Mo.App.1994). "The trial court has broad discretion in awarding attorney's fees." *Tice v. Tice,* 872 S.W.2d 148, 150 (Mo.App.1994). "[A]n award of attorney's fees will be disturbed on appeal only upon a showing that the trial judge abused that discretion." *Mabon v. Mabon,* 833 S.W.2d 488, 489 (Mo.App.1992).

In the instant case, the trial court's judgment specifically stated that "the affidavits filed by plaintiff's counsel as to attorney fees are reasonable...."

However, we note that Plaintiff did not prevail in its primary action against Defendant City of Thayer. There is no clear record before us that precisely defines how much time plaintiff's attorneys devoted either to the action against Defendant City of Thayer or Defendant Trimble. We, therefore, infer that one half of Plaintiff's attorneys' time was spent in prosecuting the claim against each defendant. We conclude that the trial court abused its discretion in awarding Plaintiff an attorney's fee for an unsuccessful action against Defendant City of Thayer. Accordingly, we reduce the new award of attorney's fees and costs from $6,809.54 to $3,404.77. *See Jones,* 29 F.3d at 424 (reducing an award of attorney's fees from $25,000.00 to $10,000.00 so as not to award fees based on unsuccessful claims); *Sisco,* 733 F.2d at 58–9 (directing the district court on remand not to consider fees associated with an unsuccessful cross-petition).

Rule 84.14 directs this Court to give judgment as the trial court ought to have given. Except as otherwise set out, we hold that the trial court has not abused its discretion in its award of attorney's fees in this matter. Therefore, we award Plaintiff $3,404.77 for attorney's fees at trial and the sum of $3,081.86 for attorney's fees relating to the first appeal. Judgment is entered against Defendant Norman Trimble in the amount of $6,486.63.

MONTGOMERY, P.J., and GARRISON, J., concur.

