No. 95-3321

Ali Akbar Muhammad, Also Known    *
As Lee Franklin,         *
             *
   Appellee,   *
            * Appeal from the United States
    v.     * District Court for the
           * Eastern District of Arkansas.
A. L. Lockhart, Director, Arkansas*
Department of Correction; Larry   *
Norris, Assistant Director;    *
Marvin Evans, Jr., Warden; Robert   *
Clark, Hearing Officer     *
Administrator; James Byers,    *
Hearing Officer, Maximum Security *
Unit, Arkansas Department of    *
Correction; Monchie Biram, Hearing*
Officer, Maximum Security Unit,   *
Arkansas Department of Correction;*
Robert Perry, Major; Nuby    *
Courtney, Assistant Warden,    *
            *
  Appellants.    *

Submitted: November 21, 1996

Filed: January 16, 1997

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and BOGUE,
   District Judge[1].

MORRIS SHEPPARD ARNOLD, Circuit Judge.

   The defendants in this case appeal the award of an attorney's fee,
costs, and expenses under 42 U.S.C. § 1988. We hold, because the
plaintiff's victory was material, that he was entitled to an

---

[1]The Honorable Andrew W. Bogue, United States District Judge
for the District of South Dakota.

award of a reasonable attorney's fee and expenses under 42 U.S.C. § 1988, and that the district court did not abuse its discretion in awarding the amount that it did.  We therefore affirm the district court's order.

## I.

Ali Akbar Muhammad, acting pro se and in forma pauperis, filed suit against eight defendants associated with the Arkansas Department of Correction, alleging that his procedural due process rights had been violated during various disciplinary hearings and that the compulsory use of ill-fitting shoes amounted to cruel and unusual punishment.  A jury returned a general verdict in favor of Mr. Muhammad against all of the defendants and awarded him nominal damages of one dollar.

Counsel for Mr. Muhammad, whom the district court appointed, moved for a fee of $5,956.00 and for $1,505.40 in costs and expenses.  All the work for which he claimed compensation related to the issues that were tried to the jury.  The district court awarded a fee of $4,500.00 and costs and expenses of $1505.40.

## II.

Our cases on the propriety of a fee award in civil rights litigation that results in an award of nominal damages only have been guided by Justice O'Connor's concurring opinion in *Farrar v. Hobby*, 506 U.S. 103, 121 (1992), which describes certain "indicia of success" that are relevant to the inquiry.  See *Jones v. Lockhart*, 29 F.3d 422 (8th Cir. 1994); *Milton v. Des Moines, Iowa*, 47 F.3d 944 (8th Cir. 1995), *cert. denied*, ___U.S.___(1995); *Piper v. Oliver*, 69 F.3d 875 (8th Cir. 1995).  Justice O'Connor first considered what she termed the "extent of [the] relief" that the plaintiff had achieved in *Farrar*, and found that his effort could hardly be termed successful because he had asked for seventeen million dollars but had received only one dollar.  This indicated

that the plaintiff had failed "to prove an essential element of his claim for monetary relief." *Id*. at 115. In our case, we can find no such failure on Mr. Muhammad's part because he did not ask for any specific dollar amount.

Justice O'Connor also looked to what she termed "the significance of the legal issue on which the plaintiff claims to have prevailed." *Id*. at 121. She recognized the real significance of the finding of liability that was a necessary predicate for the award of nominal damages. But she pointed out that the plaintiff had succeeded against only one of the six defendants in the case. In our case, Mr. Muhammad not only succeeded on the significant matter of liability, he got a judgment against all eight defendants as well.

Justice O'Connor thought that an award of a fee and costs might also be indicated if the judgment entered in the case "accomplished some public goal." *Id*. at 121. Because the jury returned a general verdict in Mr. Muhammad's case, we cannot tell on which of his claims he succeeded. Like the verdict in *Farrar*, therefore, this one is "regrettably obtuse." *Id*. at 122. But it is clear that at the very least the plaintiff succeeded on one of his claims, so, at a minimum, the jury believed either that he had been deprived of his right to due process or subjected to cruel and unusual punishment. The Supreme Court in *Farrar* itself described the right to due process as "absolute," and said that an award of nominal damages to remedy its deprivation "recognizes the importance to organized society that [this] righ[t] be scrupulously observed." *Id*. at 112 (quoting *Carey v. Piphus*, 436 U.S. 247, 266 (1973)). The right to be free from cruel and unusual punishment has been described by the Supreme Court as one which "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 357 U.S. 86, 101 (1957). Whatever the basis for the jury's verdict, therefore, we

do not hesitate to say that it accomplished a public goal, namely, encouraging governments scrupulously to perform their constitutional duties.

### III.

Because we discern indicia of real success in Mr. Muhammad's victory, despite the fact that his judgment was for nominal damages only, we hold that the district court did not err in determining that he had achieved a material victory. We see no indication, moreover, that the amount that the district court awarded was unreasonable. We therefore affirm the order of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.