# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1355

_____

Concord Boat Corporation; Galaxie       *
Boat Works, Inc.; Sea Arrow Marine,      *
Inc.; Mariah Boats, Inc.; Harris Kayot,  *
Inc.; Armada Manufacturing Company,      *
Inc.; Baha Cruisers/FRP Industries,      *
Inc.; Campion Marine, Inc.; Aravelle     *
Boats, Inc.; KCS                         *
International/Cruisers, Inc.; Mirage      *
Holdings, Inc.; Play Time                *
Manufacturing by Ohio Marine            *
Distributor, Inc.; Powerquest Boats,     *
Inc., Silverton Marine Corporation;      *
Independent Boat Builders, Inc.;         *
WTYS No. 4 Inc.; doing business as       *    Appeal from the United States
Thompson Boat Company; Century           *    District Court for the Eastern
Craft Industries, Ltd., formerly         *    District of Arkansas.
known as Vanguard Industries; Avenger    *
Manufacturing; G W Invader;              *    [UNPUBLISHED]
Malibu Boats West, Inc.; Weeres          *
Industries Corporation; Doral            *
International, Inc.; Albemarle Boats,     *
Inc.,                                    *
                                         *
         Plaintiffs-Appellees,           *
                                         *
    v.                                   *
                                         *
Brunswick Corporation, a Delaware        *
corporation                              *
                                         *
         Defendant-Appellant.            *

_____

Submitted: June 15, 2001

Filed: August 27, 2001
_____

Before McMILLIAN and MURPHY, Circuit Judges, and BOGUE,[1] District Judge.
_____

PER CURIAM.

Before the court is the appeal of Brunswick Corporation from the order of the district court awarding costs after it prevailed on appeal. Brunswick contends that the district court erred by not apportioning costs against the plaintiffs/appellees (appellees) jointly and severally and by not awarding the full amount of requested photocopy expenses. Appellees respond that the district court did not abuse its discretion. After studying the district court order, we remand for further findings.

Brunswick sought reimbursement of its costs after the judgment in appellees' favor was overturned on appeal. The district court apportioned costs among the appellees on a pro rata percentage based on their expert's calculations at trial and awarded $371,856.65 in photocopy costs rather than the requested amount of $619,764.43. The court stated that Brunswick had not provided sufficient supporting documentation and had requested $200,000 more in copy costs than had appellees.

Brunswick argues that the district court abused its discretion by apportioning costs on a flawed pro rata percentage basis which was rejected on appeal instead of on

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

joint and several liability, that the expert opinion relied on by the district court for its allocation had been found to be without foundation and inadmissible, that no good reason was given by the district court to apportion costs on this basis, and that this type of award would make collection very difficult. Brunswick also asserts that the court abused its discretion by not awarding its requested photocopy expenses in light of the earlier more generous award to appellees based on similar supporting documentation. Appellees respond that the award of costs was in the district court's discretion.

A prevailing party is normally awarded its costs as a matter of course, see Blake v. J.C. Penney Co., Inc., 894 F.2d 274, 281 (8th Cir. 1990), but the district court has discretion to allocate costs based on the equities of a particular case as long as it does not do so arbitrarily. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). We review the district court's allocation of costs for an abuse of discretion. See Milton v. Des Moines, IA, 47 F.3d 944, 947 (8th Cir. 1995).

Brunswick argues that apportioning costs on a pro rata percentage basis was an abuse of discretion. The percentages used by the court were based on the testimony of Dr. Hall which this court held to be without foundation and on a theory of liability rejected on appeal. See Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039,1057 (8th Cir. 2000). The district court did not discuss why such a pro rata apportionment would be equitable or why Brunswick's request for joint and several liability was not. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 468-69 (3d Cir. 2000) (joint and several liability is the general rule unless equity dictates otherwise); Walker v. U.S. Dep't of Hous. and Urban Dev., 99 F.3d 761 (5th Cir. 1996) (fees apportioned on a joint and several liability basis where there was single injury and similar participation by all parties). Since it is unclear from the record why joint and several liability was not imposed, why a pro rata percentage basis was equitable, or why the amount allocated to each party was appropriate, we remand to the district court for further consideration and findings.

Brunswick also argues that the district court abused its discretion by only awarding $371,856.65 for photocopy costs. The amount of its request, $619,764.43, had already been voluntarily reduced by 15 percent from the actual cost. Brunswick says the court only reduced appellees' earlier request for photocopy expenses by 15 percent, the very percentage Brunswick had already applied to reduce its request. Brunswick points out that the award represented only 52 percent of its copying request and that exhibits in the appendix show that appellees did not provide any more detailed foundation for their costs than it had. Appellees respond that Brunswick requested more photocopy costs than they had and that is why it was treated differently.

Copy costs are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). It is not clear from the district court's order why it reduced Brunswick's photocopy costs by over 48 percent or why it appears to have required greater documentation from it than from appellees. The record also suggests that Brunswick may have had higher copying costs because of expansive discovery requests. Since it is not possible to determine on the present record whether the district court abused its discretion in awarding copying costs, we remand for more specific findings.

Accordingly, we remand to the district court for further consideration and findings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-