# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2465

_____

Roger Fires, Individually, and as Parents of Child Doe; Dawn Fires, Individually, and as Parents of Child Doe

*Plaintiffs - Appellants*

v.

Heber Springs School District; Russell Hester, Individually, and in His Official Capacity as Superintendent; Ginger Wallace, In Her Official Capacity as Principal of Heber Springs High School; Brad Reese, In His Official Capacity as Assistant Principal of Heber Springs High School

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: March 10, 2014
Filed: June 2, 2014
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Roger and Dawn Fires ("the Fireses"), individually and on behalf of their daughter Child Doe, appeal the amount of attorney's fees awarded to them under 42

U.S.C. § 1988. After the jury awarded $1.00 in nominal damages for their underlying 42 U.S.C. § 1983 action, the Fireses requested attorney's fees in the amount of $57,225. The district court[1] approved a reduced fee award of $10,000.

The Fireses brought this lawsuit against the Heber Springs School District and various school officials after their daughter was suspended from school and required to perform community service. This punishment was the consequence of a prank phone call that the Fireses' daughter and other students placed while on a school trip on April Fools' Day in which they fabricated a story about a school bus accident. The Fireses alleged that their daughter had been punished without due process, in violation of the Fourteenth Amendment, and claimed violations of federal and state law. The Fireses' complaint sought compensatory and punitive damages as well as permanent injunctive relief. Shortly before trial, the Fireses voluntarily dismissed the individual-capacity claims against two of the school officials. After a four-day trial, the jury found for the Fireses on their § 1983 claim and awarded them $1.00 as nominal damages.

Following the jury's verdict, the Fireses requested $57,225 in attorney's fees. The district court concluded that an award of attorney's fees was appropriate because the Fireses were the prevailing party under § 1988 and because their victory was not merely technical or *de minimis*. Although the district court accepted as reasonable the hourly rate that the Fireses' counsel proposed, the court determined that the attorney's fee award sought by the Fireses was unreasonable in light of the case's lack of complexity and the minimal relief obtained by the Fireses. The district court also provided three examples of excessive time that counsel expended on this matter. After weighing these considerations, the district court awarded the Fireses $10,000 for attorney's fees.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

"Attorney's fees are within the broad discretion of the district court and will not be reversed absent an abuse of discretion." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Under § 1988, a district court may award a reasonable attorney's fee in an action brought under § 1983 if the plaintiff is the prevailing party. 42 U.S.C. § 1988(b). A plaintiff is the prevailing party "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). This "generous formulation" includes a plaintiff who wins nominal damages. *Id.* at 109, 112; *see Piper v. Oliver*, 69 F.3d 875, 876 (8th Cir. 1995). But being the prevailing party does not mean that a plaintiff who recovers nominal damages is entitled to attorney's fees. *Id.* at 877. Indeed, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Milton v. Des Moines*, 47 F.3d 944, 945 (8th Cir. 1995) (quoting *Farrar*, 506 U.S. at 115). In order to receive attorney's fees, a plaintiff who recovers nominal damages must achieve more than a technical or *de minimis* victory. *Piper*, 69 F.3d at 877 (setting forth three factors relevant to whether a plaintiff has achieved more than a technical or *de minimis* victory).

If a plaintiff who receives nominal damages achieves more than a technical or *de minimis* victory, a district court should award a reasonable attorney's fee to the plaintiff. *See id.*; *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 576-77 (8th Cir. 2007); *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 764-66 (8th Cir. 2008). The "most useful starting point" for determining a reasonable attorney's fee is the lodestar, which is the product of a reasonable hourly rate and the number of hours reasonably expended on the matter. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation. *Id.* at 433-34. A district court also may weigh other considerations to determine whether an attorney's fee should be

adjusted upward or downward from the lodestar. *Id.* at 434. The "most critical" of these additional factors is the degree of success achieved by the plaintiff. *Id.* at 436-37; *Farrar*, 506 U.S. at 114-15.

The Fireses assert that the district court abused its discretion by failing to follow the lodestar-based method from *Hensley*. We disagree. The district court expressly analyzed both of the inputs for calculating the lodestar—a reasonable hourly fee and the number of hours reasonably expended. *See Hensley*, 461 U.S. at 433. The court accepted the Fireses' counsel's proposed hourly rate of $250 as reasonable. And after reviewing counsel's submission detailing the hours she expended on the matter, the court concluded that some of the hours she billed were excessive. The district court also provided three examples of excessive hours included in counsel's hourly total: time for travel during trial; time spent preparing a motion for voluntary dismissal; and time expended on the matter generally in light of the limited discovery and motion practice conducted in the case.

The Fireses correctly point out that the district court did not expressly identify all of the hours that it deemed to be excessive. This omission, they contend, means that the district court failed to calculate the lodestar. *Cf. Quigley v. Winter*, 598 F.3d 938, 957 (8th Cir. 2010) ("The district court's failure, under the circumstances here, to analyze [the plaintiff's] entitlement to attorney fees under the lodestar approach was an abuse of discretion."). The district court's explicit consideration of both of the inputs into the lodestar is sufficient for us to conclude that the district court performed the lodestar calculation. *See Corbett v. Sullivan*, 353 F.3d 628, 631 (8th Cir. 2003) (affirming attorney's fee award where the district court "impliedly, if not explicitly" determined the lodestar); *Padrta v. Ledar Transport, Inc.*, 116 F. App'x 36, 38 (8th Cir. 2004) (per curiam) (affirming attorney's fee award where it was "obvious the district court engaged in the lodestar analysis" even though the district court "could have been more clear with regards to which precise bills it found to be excessive"). The Fireses further contend that even if the district court calculated the

-4-

lodestar, it nonetheless abused its discretion by classifying certain hours as excessive. However, giving due deference to the district court's unique understanding of the legal and factual issues implicated by this matter and counsel's handling of them, we cannot say that the district court's decision to classify as excessive the three categories of hours discussed above amounted to an abuse of discretion. *See Polacco v. Curators of Univ. of Mo.*, 37 F.3d 366, 370 (8th Cir. 1994); *Winter v. Cerro Gordo Cnty. Conservation Bd.*, 925 F.2d 1069, 1074 (8th Cir. 1991).

The Fireses also object to the downward adjustment of their attorney's fees based on the district court's conclusions regarding the minimal relief that they obtained and the case's lack of complexity. The Fireses claim that other considerations weigh against the downward adjustment, including their attorney's experience, reputation, and ability; the undesirability of the case and the skill required to litigate it; the nature of the attorney-client relationship; and awards in similar cases. Although the *Hensley* Court acknowledged that a district court may consider these factors in determining a reasonable attorney's fee, 461 U.S. at 429 n.3, 434 n.9, it emphasized that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* at 434 n.9; *see also Hardman v. Bd. of Educ. of Dollarway*, 714 F.2d 823, 825 (8th Cir. 1983) (per curiam). The *Hensley* Court also held that the decision to adjust attorney's fees from the lodestar amount to account for limited success is an equitable judgment for which "[t]here is no precise rule or formula." 461 U.S. at 436-37. The district court's reliance on the limited complexity of this matter and the minimal relief obtained by the Fireses did not constitute an abuse of discretion. The Fireses' counsel admits that this was a run-of-the mill case with issues that were neither novel nor difficult, and the chasm between the Fireses' requested relief and the relief that they obtained is vast. The Fireses' complaint requested compensatory and punitive damages and permanent injunctive relief. Though the Fireses prevailed before the jury, they were awarded only $1.00 in nominal damages. As such, the district court was well within

its discretion to reduce the Fireses' attorney's fees to $10,000.  *See id.*; *Farrar*, 506 U.S. at 114-15.  We affirm.

_____