Lobester James LOGGINS, Appellee,

v.

Paul K. DELO, individually and in his official capacity as Superintendent of the Potosi Correctional Center; Debbie Holman, individually and in her official capacity as Mailroom Supervisor at the Potosi Correctional Center; Ben Davis, individually and in his official capacity as a Corrections Officer of the Potosi Correctional Center; Bill Rodgers, individually and in his official capacity as a Corrections Officer of the Potosi Correctional Center; Rhonda Pash, individually and in her official capacity as a Corrections Officer of the Potosi Correctional Center, Appellants, (Two Cases).

Lobester James LOGGINS, Appellant,

v.

Paul K. DELO, individually and in his official capacity as Superintendent of the Potosi Correctional Center; Debbie Holman, individually and in her official capacity as Mailroom Supervisor at the Potosi Correctional Center; Ben Davis, individually and in his official capacity as a Corrections Officer of the Potosi Correctional Center; Bill Rodgers, indi-

vidually and in his official capacity as a Corrections Officer of the Potosi Correctional Center; Rhonda Pash, individually and in her official capacity as a Corrections Officer of the Potosi Correctional Center, Appellees.

Nos. 92–3406, 92–3409 and 92–3608.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1993.

Decided July 21, 1993.

Denise L. Thomas, St. Louis, MO, argued (Nelson L. Mitten, on the brief), for appellants.

Randall Kahn, St. Louis, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Paul K. Delo, Debbie Holman, Ben Davis, Bill Rodgers and Rhonda Pash (collectively referred to as "prison officials") appeal from a judgment of the district court[1] entered in favor of Lobester James Loggins, a Missouri inmate, in his 42 U.S.C. § 1983 action and a judgment awarding attorney's fees under 42 U.S.C. § 1988. In his cross-appeal, Loggins challenges the amount of the fee award. We affirm.

In May 1989, Loggins placed a letter addressed to his brother in the outgoing prison mail. Pursuant to prison procedure, Holman, a mail room clerk, opened the letter, which in part stated that "[t]here's a beetled eye'd bit-- back here who enjoys reading people's mail." The letter went on to state that the "bit--" was a "dyke" and "[wa]s hoping to read a letter someone wrote to their wife talking dirty sh--, so she could go in the bathroom and masturbate." The last two letters of "bit--" and "sh--" were blackened out.

Holman believed that the letter violated Divisional Rule 21, which prohibited an inmate from "using abusive or obscene language ... or making a written statement, intended to annoy, offend or threaten." Holman filed a conduct violation report based on the contents of the letter. Loggins was found guilty of violating Rule 21 and was sentenced to ten days disciplinary detention.

Loggins filed a section 1983 action, alleging that the disciplinary action based on the

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

language in the letter addressed to his brother violated his first and fourteenth amendment rights. He then filed a motion for summary judgment, relying on *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). In *Martinez,* the Supreme Court recognized that "the legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restrictions on inmate correspondence[,]" *id.* at 412–13, 94 S.Ct. at 1811, but held that "the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Id.* at 413, 94 S.Ct. at 1811. The Court indicated that prison officials could censor outgoing mail that contained contraband or evidence of other illegal activity. *Id.* The Court, however, stated that "[p]rison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements." *Id.* The Court invalidated regulations that precluded inmates from sending letters that " 'unduly complain' or 'magnify grievances,' ... and matter deemed 'defamatory' or 'otherwise inappropriate[,]' " because the officials had "failed to show that these broad restrictions on prisoner mail were in any way necessary to furtherance of a governmental interest unrelated to the suppression of expression." *Id.* at 415, 94 S.Ct. at 1812.

The prison officials also moved for summary judgment. They argued that they were entitled to a qualified immunity because the disciplinary action did not violate any clearly established constitutional right. They relied on *Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989), and *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). In *Abbott,* the Supreme Court upheld a prison regulation that permitted "prison officials to reject incoming publications found to be detrimental to institutional security" because the regulation was reasonably related to prison security. 490 U.S. at 403, 109 S.Ct. at 1876 (footnote omitted). In *Turner,* the Court upheld a regulation barring inmate-to-inmate correspondence under a reasonableness standard. 482 U.S. at 91, 107 S.Ct. at 2262. The officials also relied on *Gibbs v. King,* 779

F.2d 1040, 1045 (5th Cir.), *cert. denied,* 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986), wherein the court upheld a disciplinary action based on a verbal remark to a prison guard in violation of a prison rule prohibiting insults. As to the merits, the officials argued that disciplinary action was proper under *Martinez* because the derogatory comments in Loggins' letter evidenced a disrespect for authority.

The case was referred to a magistrate judge. The magistrate judge recommended that the officials' request for qualified immunity be denied. The magistrate judge believed that "*Martinez* clearly established that inmates could not be disciplined for merely insulting or derogatory comments made in outgoing mail." The magistrate judge noted that *Abbott* and *Turner* did not overrule *Martinez,* but only limited its rationale to "regulations concerning outgoing correspondence." *Abbott,* 490 U.S. at 413, 109 S.Ct. at 1881. In *Abbott,* the Court explained that "outgoing personal correspondence from prisoners—did not, by its very nature, pose a threat to prison order and security." *Id.* at 411, 109 S.Ct. at 1880 (footnote omitted). The magistrate judge distinguished *Gibbs* because it involved a verbal insult directed toward a prison employee and suggested that Rule 21 would be valid "as applied to oral statements, or ... writings which are not a part of outgoing mail." Noting that the parties did not dispute any issue of material fact, the magistrate judge also recommended that Loggins' motion for summary judgment on liability be granted.

On de novo review, the district court adopted the magistrate judge's report and recommendation. The court agreed that the disciplinary action violated *Martinez,* noting there was no indication of how the language in Loggins' letter threatened prison security. The court emphasized that the facial validity of Rule 21 was not before the court and that its decision would not preclude disciplinary actions based on an inmate's use of insulting language in other situations.

The officials appealed the denial of qualified immunity. *See Duckworth v. Ford,* 995 F.2d 858, 861 (8th Cir.1993) ("denial of a

claim of qualified immunity is immediately appealable"). We affirmed the denial and remanded for further proceedings. *Loggins v. Delo*, 985 F.2d 565 (8th Cir.1991) (unpublished per curiam). In the opinion, we noted that the magistrate judge had indicated that Rule 21 was valid "as applied to oral and written statements *directed toward* prison officials or other inmates." Slip op. at 4.

On remand the officials moved for reconsideration of the district court's grant of Loggins' motion for summary judgment on liability. They asserted that in light of this court's opinion there was an issue of disputed fact as to whether the insulting language in the letter was directed to Holman. The court denied the motion and thereafter conducted a jury trial on damages. The jury awarded Loggins $102.50 in actual damages. The district court also ordered expungement of the conduct violation. Pursuant to 42 U.S.C. § 1988, the court awarded Loggins $25,000.00 as a reasonable attorney's fee.

■ On appeal the prison officials first argue that the district court erred in refusing to reconsider its order granting Loggins' motion for summary judgment. They assert that our previous opinion suggested that an inmate could be disciplined if insulting language in outgoing correspondence was "directed toward" a prison official and contend that summary judgment was inappropriate because there is a disputed issue of fact whether Loggins' language was directed toward Holman.

We disagree. Despite some ambiguity in our previous opinion, we did not mean to suggest that the prison officials could have disciplined Loggins on the basis of the language contained in the letter addressed to his brother. Our use of "directed toward" was in reference to the magistrate judge's belief that Rule 21 was valid "as applied to oral statements, or ... writings which are not a part of outgoing mail." As the district court made clear, Loggins did not challenge the facial validity of Rule 21, and the ques-

tion whether an inmate could be disciplined for insulting language directed toward a prison employee or another inmate orally or in a writing circulated within the prison was not before the court.

■ We also agree with the district court that as a matter of law because the language in Loggins' letter to his brother did not implicate security concerns, the disciplinary action violated *Martinez*. By focusing on the degree of risk involved, the district court properly analyzed the claim under *Martinez*. In *Smith v. Delo*, 995 F.2d 827 (8th Cir. June 9, 1993), this court recently discussed standards of review for prison mail regulations. We stated that "*Martinez* is limited to outgoing correspondence when deciding the degree of security risk involved." 995 F.2d at 830.[2]

This case is virtually identical to *McNamara v. Moody*, 606 F.2d 621 (5th Cir.1979), *cert. denied*, 447 U.S. 929, 100 S.Ct. 3028, 65 L.Ed.2d 1124 (1980). In *McNamara*, an inmate wrote a letter to his girlfriend stating that a mail room clerk "while reading mail, engaged in masturbation and 'had sex' with a cat." *Id.* at 623. A prison official returned the letter and warned that any similar future correspondence would result in disciplinary action. The Fifth Circuit found that although the remarks were "coarse and offensive," the official's refusal to mail the letter violated *Martinez*. *Id.* at 624. The court rejected the argument that "to allow letters like this would result 'in a total breakdown in prison security and discipline[,]'" noting the argument was "similar to the contentions made by prison officials in *Martinez* and found unpersuasive by the Supreme Court." *Id.* In response to the argument that the inmate could have been punished if the remarks had been "made orally to prison guards, face to face," the court stated: "This may be so; we need not decide it. These remarks were in writing and were directed toward the inmate's girlfriend, not the prison staff." *Id.* Such is also the case here. *See also Brooks v. Andolina*, 826 F.2d 1266,

---

**2.** In *Smith,* this court upheld a regulation that permitted inspection of outgoing mail to the media and clergy as rationally related to the prison's interest in detecting evidence of illegal activ-

ity. Importantly, the regulation did "not prohibit inmates from communicating any permissible message, even those that might be unflattering to the prison." 995 F.2d at 832.

1267–68 (3rd Cir.1987) (disciplinary action based on outgoing letter stating that a guard had searched a visitor in "a very seductive manner" violated *Martinez;* "security concerns raised by the defendants are merely a belated attempt to justify their actions").

The prison officials' challenges to the sufficiency of the evidence supporting the jury verdict of $102.50 and certain rulings regarding evidence, instructions,[3] and closing argument are without merit and do not warrant further discussion.

The officials' challenge to the district court's award of attorney's fees under 42 U.S.C. § 1988 does, however, merit discussion. Section 1988 provides that a district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Of course, we review a decision regarding attorney's fees only for an abuse of discretion. *Wedemeier v. City of Ballwin,* 931 F.2d 24, 26 (8th Cir.1991).

Loggins' counsel requested· a fee of $34,-968.00. The district court found that Loggins was a prevailing party, but reduced the fee to $25,000.00 because of counsel's "partial success in obtaining the relief sought." The court noted that Loggins' amended complaint sought $50,000.00 in actual damages and $50,000.00 in punitive damages. The court further noted that although Loggins reduced his request at trial to a total of $3,000.00 in actual and punitive damages, he recovered only $102.50 in actual damages. The court acknowledged that proportionality between the amount of damages and fee awards was not required, *see City of Riverside v. Rivera,* 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), but believed that $25,000.00 was a reasonable fee that adequately compensated counsel and reflected the public benefit of the litigation.

■ We first address the prison officials' argument that Loggins is not entitled to an

award of attorney's fees because his counsel rejected settlement offers that exceeded the final recovery. They point to a January 17, 1992 offer of $1,300.00, a June 29, 1992 offer of $450.00 and $4,000.00 in .attorney's fees, and an August 10, 1992 .offer of $5,000.00. They rely on *Vocca v. Playboy Hotel of Chicago, Inc.,* 686 F.2d 605 (7th Cir.1982).[4] In *Vocca,* the court refused to award attorney's fees where a plaintiff's counsel unreasonably rejected a settlement offer that unduly prolonged litigation. *Id.* at 608. Loggins responds that *Vocca* is distinguishable. He notes that shortly after counsel was appointed in October 1982, counsel offered to waive attorney's fees and settle the case for $250.00. Loggins further notes that the officials' .January 1992 offer was made after this court's remand, by· which time counsel had invested .considerable time and had achieved success before this court, the district court and the magistrate judge. The Supreme Court has stated " '[t]he government cannot litigate tenaciously and then be heard ·to complain about the time necessarily spent by the plaintiff in response.' " *Rivera,* 477 U.S. at 580 n. 11, 106 S.Ct. at 2697 n. 11 (quoting *Copeland v. Marshall,* 641 F.2d 880, 904 (D.C.Cir.1980) (en banc)). In the circumstances of this case, we agree with the district court that counsel's rejection of the settlement offers did not preclude an award or require a reduction in fees. *See Morris v. American Nat. Can Corp.,* 952 F.2d 200, 205 n. 2 (8th Cir.1991); *Nanetti v. University of Illinois,* 944 F.2d 1416, 1421–22 (7th Cir. 1991).

■ The prison officials also argue that an award of fees was an abuse of discretion under *Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121··L.Ed.2d 494 (1992). In *Farrar,* the Supreme Court held that "[a]lthough the technical nature of a nominal damage award or any other judgment does not affect the prevailing party inquiry, it does bear on

---

**3.** In rejecting the prison officials' allegations of error as to instructions 8 and 10, we have granted their request to supplement the record and have reviewed the transcript of the instructions.

**4.** The prison officials do not contend that the offers were offers of judgment under Fed. R.Civ.P. 68, which provides that a defendant may "offer to allow judgment to be taken against the

[defendant] for the money ..; specified in the offer, with costs then accrued." The rule further provides that if a plaintiff rejects the offer, and "the judgment finally obtained by the [plaintiff] is not more favorable than the offer, the [plaintiff] must pay the costs incurred ·after the making of the offer."

the propriety of fees under § 1988." *Id.* at ——, 113 S.Ct. at 574. The Court believed that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at ——, 113 S.Ct. at 575 (citation omitted). We do not believe that *Farrar* counsels against an award of fees in this case. Unlike the plaintiff in *Farrar*, who received only nominal damages, Loggins recovered actual damages and injunctive relief.

█ In his cross-appeal, Loggins contends that the district court abused its discretion in reducing his fee award to $25,000.00. He alleges the reduction was solely on account of the small damage award and that such a reduction violates *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and *City of Riverside v. Rivera*, 477 U.S. at 561, 106 S.Ct. at 2686. In *Hensley*, the Court held that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." 461 U.S. at 440, 103 S.Ct. at 1943. In the context of multiple claims, the Court held that "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id.* In *Rivera*, a plurality of the Court "reject[ed] the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." 477 U.S. at 574, 106 S.Ct. at 2694. Among other things, the plurality opinion noted that a rule of "proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts[,]" *id.* at

578, 106 S.Ct. at 2696, and that civil rights awards "do not reflect fully the public benefit advanced by civil rights litigation." *Id.* at 575, 106 S.Ct. at 2695.

We do not believe that the reduction in this case violated *Hensley*. We note that the district court reduced the award not only because Loggins failed to obtain the amount of actual damages requested, but also because he failed to obtain punitive damages. Contrary to Loggins' suggestion, we believe that "limited success" may encompass the situation where, as here, a plaintiff requests both compensatory and punitive damages, but recovers only compensatory damages. In *Hensley*, the Court indicated that extent of the relief obtained was a permissible factor in determining a reasonable fee. Indeed, in addressing the reasonableness of an attorney's fee in the case of a fired employee who obtained lost wages and expungement but not reinstatement and damages, the Court stated that it "[c]ertainly was well within the [ ] District Court's discretion to make a limited fee award in light of 'minor relief' obtained." 461 U.S. at 438 n. 14, 103 S.Ct. at 1942 n. 14.[5] Moreover, we note that in determining that $25,000.00 was a reasonable fee, the district court also considered the adequacy of the compensation to counsel and the public benefit of the litigation.

We also do not believe that the reduction violated *Rivera*.[6] As the district court noted, in *Rivera* the Court only ruled that proportionality was not required; it did not hold that a district court lacked discretion to consider the amount of damages in determining the reasonableness of a fee. To the contrary, the Court stated that "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be award-

5. Conversely, in *Hensley* the Court indicated that a district court retained discretion to award a full fee even if a plaintiff did not obtain all requested relief. 461 U.S. at 435–36 n. 11, 103 S.Ct. at 1940–41 n. 11.

6. In support of his argument, Loggins relies on *Quesada v. Thomason*, 850 F.2d 537 (9th Cir. 1988), wherein the Ninth Circuit held that a district court abused its discretion in reducing a fee award from $22,095.00 to $7,500.00 based on a comparison of the amount of damages obtained and the amount of damages requested. In *Quesada*, the plaintiff settled the case for $17,000.00

after requesting $50,000.00 in his complaint and $25,000.00 shortly before trial. In *Quesada*, the court stated that "courts should not reduce [fee awards] based on relief obtained simply because the amount of damages recovered on a claim was less than the amount requested." *Id.* at 539. In the circumstances of that case where the plaintiff "managed to settle for nearly half of his original request, and a full seventy percent of the amount sought at trial[,]" *id.*, we also might be inclined to hold that a district court abused its discretion in reducing a fee award.

ed under § 1988." 477 U.S. at 574, 106 S.Ct. at 2694. *See also Hensley,* 461 U.S. at 430, 103 S.Ct. at 1938 (court should consider " 'the amount involved and the results obtained' " in determining reasonable fee) (quoting *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 718 (5th Cir.1974)).[7]

In conclusion, we hold that the district court did not err in granting Loggins' motion for summary judgment. We also hold that in the circumstances of this case the district court did not abuse its discretion in awarding $25,000.00 as a reasonable attorney's fee.

Accordingly, the judgments of the district court are affirmed.

---

7. Although, as previously discussed, we do not believe that *Farrar v. Hobby,* —— U.S. at ——, 113 S.Ct. at 566, precludes an award of attorney fees, we do believe that the case provides further support for the district court's reduction. In *Farrar,* the Supreme Court stated " '[w]here recovery of private damages is the purpose of ... civil rights litigation, a district court in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.' " *Id.* at ——, 113 S.Ct. at 575 (quoting *Rivera,* 477 U.S. at 585, 106 S.Ct. at 2700 (Powell, J., concurring)). The Court believed "[s]uch a comparison promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.' " *Id.* (quoting *Blanchard v. Bergeron,* 489 U.S. 87, 96, 109 S.Ct. 939, 946, 103 L.Ed.2d 67 (1989)). The Court also stated that "[h]aving considered the amount and nature of the damages awarded, the court may lawfully award low fees or no fees...." *Id.*