39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Vincent X. LEE, Appellant,
v.
Bill ARMONTROUT; William L. Rutledge; Elmer Wankum, Appellees.
 No. 94-1457.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 3, 1994.
Filed: Nov. 9, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vincent X. Lee, a Missouri inmate in the Jefferson City Correctional Center (JCCC), appeals the district court's[1] denial of attorney's fees after his 42 U.S.C. Sec. 1983 action was dismissed. We affirm.
 
 
 2
 Through court-appointed counsel, Lee filed a four-count amended complaint claiming constitutional violations based on the prison's refusal to recognize the Nation of Islam as a religion. The district court dismissed Lee's equitable claims as moot because the district court had been advised in another case that JCCC had begun to allow inmates to hold services on behalf of the Nation of Islam, and Lee did not show the likelihood of a future invasion of his rights. As to the remaining claims, the district court granted defendants summary judgment based on collateral estoppel.
 
 
 3
 Lee moved for attorney's fees as a prevailing party under 42 U.S.C. Sec. 1988 because "the behavior of the defendants toward the plaintiff has been affected by reason of this litigation." The district court denied the motion on the ground that Lee was not a prevailing party.
 
 
 4
 We review for abuse of discretion the denial of attorney's fees under section 1988. See Loggins v. Delo, 999 F.2d 364, 368 (8th Cir. 1993). A party may be considered a prevailing party for purposes of section 1988-even if judgment was not entered in the party's favor-if the party has acted as a catalyst in bringing about policy reform. See Hendrickson v. Branstad, 934 F.2d 158, 161 (8th Cir. 1991). To determine whether the party was a catalyst, the court considers (1) whether the suit was a necessary and important factor in achieving improvements, and (2) whether the result was legally required. See id.
 
 
 5
 The district court found that Lee had not shown the change in prison policy was causally connected to his lawsuit, and that Lee would not have received similar results by court order in his case because he was subject to collateral estoppel. Thus, the district court did not abuse its discretion in determining that Lee was not a prevailing party and denying attorney's fees.
 
 
 6
 We deny defendants' motion to strike Lee's reply brief, but we reject the argument it raises for the first time based on the Religious Freedom Restoration Act of 1993. See Falco Lime, Inc. v. Tide Towing Co., 29 F.3d 362, 367 n.6 (8th Cir. 1994) (issue not raised in main brief cannot be raised in reply brief).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri