**Joshua LOGAN, Appellant,**

v.

**Christopher MARKS.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1997.
Filed Dec. 31, 1997.

Paul J. McArdle, Pittsburgh, for appellant.

Tyre A. Brett, Pittsburgh, for appellee.

Before TAMILIA, JOHNSON and BROSKY, JJ.

JOHNSON, Judge:

We here consider the propriety of a trial court's denial of statutory attorney's fees to a prevailing plaintiff in litigation under the Civil Rights Act of 1871, 42 U.S.C. § 1983 (1994). Following a three-day trial, a jury awarded Joshua Logan $275.00 in compensatory damages and $1.00 in punitive damages in a case involving alleged assault and battery and violation of federal constitutional civil rights. No post-trial motions were filed and judgment was entered on the verdict. Logan's counsel filed a Petition for the Award of Attorney's Fees and Litigation Expenses pursuant to 42 U.S.C. § 1988 (1993). The trial court denied the petition. Logan appeals and we now reverse.

The procedural facts leading up to the Petition for the Award of Attorney's Fees can be gleaned from the certified record. On November 23, 1994, Joshua Logan filed his Complaint against Christopher Marks, a City of Pittsburgh police officer. The Complaint set forth that Logan was employed as a bicycle messenger with Triangle Messenger Service and that Marks was acting in the course of his employment and under color of law at the time material to the complaint. These facts were admitted by Marks in his Answer. The Complaint alleged that on September 27, 1994, Logan was operating his bicycle on Stanwix Street in the City of Pittsburgh when Marks "seized [him] and flung him to the street, resulting in injuries to Logan, loss of wages, medical expenses and pain and suffering." Marks denied these allegations. In a separate count, Logan alleged that the assault and battery alleged in the first count was perpetrated without probable cause to believe that Logan was engaged in criminal activity or acting in violation of law and that, therefore, the assault and battery violated Logan's rights under the Fourth and Fourteenth Amendment. Marks denied these allegations as well.

Following limited discovery, the matter was heard by a board of arbitrators, which awarded Logan $8,000.00 in damages. Marks appealed to the Court of Common Pleas of Allegheny County. Logan was granted leave to amend his complaint to add a prayer for relief for the award of attorney's fees and litigation costs. The matter then proceeded to trial before a Special Master, John Carlin, and a jury, which returned the verdict in favor of Logan. Logan asserts in his Brief, and it is not disputed by Marks, that during the course of trial, evidence was presented that Logan had been paid worker's compensation benefits for both the medical expenses and wage loss that he suffered as a consequence of the September 1994 incident.

The Civil Rights Attorney's Fees Awards Act of 1976, P.L. 94–559, 90 Stat. 2641, codified at 42 U.S.C. § 1988 (hereinafter § 1988), provides:

. . . In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, . . . the court, in

its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. A court's decision on a motion for an award of attorney's fees under § 1988 is reviewed for an abuse of discretion. *Carter v. Burch*, 34 F.3d 257, 264 (4th Cir.1994); *Loggins v. Delo*, 999 F.2d 364, 368 (8th Cir.1993). This discretion is not limitless. "[T]he prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67, 72 n. 1 (1989). Moreover, the decision will be reversed if based on an incorrect view of the law. *Morales v. City of San Rafael*, 96 F.3d 359, 362 (1996), *modified*, 108 F.3d 981 (9th Cir.1997); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1034–35 (3d Cir.1996).

 Clearly, the trial court does not have the discretion to deny attorney's fees merely because the recovery is disproportionate to the fee claimed. *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466, 479 (1986)(plurality); *Washington v. Philadelphia County Court of Common Pleas*, *supra*, at 1042. Nor is the court permitted to consider solely the amount of the requested fee in considering the reasonableness of the defendant's liability therefor. *See Rivera*, *supra*, at 580 n. 11, 106 S.Ct. at 2697 n. 11, 91 L.Ed.2d at 483 n. 11 ("[T]he government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.")(internal quotations omitted). However, a comparison of the size of the award to the objectives of the litigation is highly relevant to determining the degree of success obtained, the critical inquiry in determining the reasonableness of a requested fee. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 574, 121 L.Ed.2d 494, 505 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40, 54 (1983)(plurality).

The Honorable Joseph James relied upon the U.S. Supreme Court's decision in *Farrar*, *supra*, in denying Logan's request for attorney's fees. In *Farrar*, the United States Court of Appeals for the Fifth Circuit had ruled that the award of nominal damages established that a plaintiff was not a "prevailing party" as required for a fee to be awarded under 42 U.S.C. § 1988. *See id.* at 107–08, 113 S.Ct. at 571, 121 L.Ed.2d at 500–01. On appeal, the United States Supreme Court clarified that a party who gains a judgment entitling it to nominal damages is a prevailing party. The Court affirmed the denial of fees, however, explaining that, though "the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Id.* at 114, 113 S.Ct. at 574, 121 L.Ed.2d at 505. The Court observed that the award of nominal damages "highlights the plaintiff's failure to prove actual, compensable injury." *Id.* at 115, 113 S.Ct. at 575, 121 L.Ed.2d at 506. Based on this view, the Court held that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, *see Carey [v. Piphus*, 435 U.S. 247,] 256–57, 264, [98 S.Ct. 1042, 1048–49, 1053, 55 L.Ed.2d 252, 260, 265 (1978)], the only reasonable fee is usually no fee at all." *Farrar*, *supra*, at 115, 113 S.Ct. at 575, 121 L.Ed.2d at 506.

Federal courts interpreting *Farrar* have concluded that the failure to prove that an established constitutional violation *caused harm* to the plaintiff is the controlling factor in denying an attorney's fee to an otherwise prevailing plaintiff. *Carter v. Burch*, *supra*, at 264–65; *Cramblit v. Fikse*, 33 F.3d 633, 635–36 (6th Cir.1994)(per curiam). *See Loggins v. Delo*, *supra*, at 369 ($25,000 fee award proper, under *Farrar*, where plaintiff recovered $102.50 in actual damages). Consequently, a complete denial of attorney's fees appears only in cases in which a party was awarded one dollar. *See, e.g., Pino v. Locascio*, 101 F.3d 235 (2d Cir.1996); *Morales v. City of San Rafael*, *supra*, at 363 & n. 6 (citing cases); *Carter, supra; Cramblit, supra; Cartwright v. Stamper*, 7 F.3d 106 (7th Cir.1993); *Willis v. City of Chicago*, 999 F.2d 284 (7th Cir.1993). *But see O'Connor v. Huard*, 117 F.3d 12, 17–18 (1st Cir. 1997)(award of attorney's fees was proper even though damages were not awarded where suit achieved other client objectives

and served public interest); *Cabrera v. Jakabovitz,* 24 F.3d 372 (2d Cir.1994)(same). Here, while Logan's recovery was not substantial, it was not a nominal award. *See Carey, supra,* at 266–67, 98 S.Ct. at 1054, 55 L.Ed.2d at 266–67. *See also Johnson v. Eaton,* 80 F.3d 148, 152 (5th Cir.1996)($500 judgment sufficient to require counsel fee under *Farrar* ); *Loggins, supra.* Therefore, it was error for the trial court to conclude that Logan's attorney secured only a technical victory for purposes of applying *Farrar. Morales v. City of San Rafael, supra,* at 363 ("the *Farrar* exception is inapplicable to cases in which the damages are not nominal ...").

■ On the basis of *Farrar,* and the guidance provided by the several federal courts of appeal that have interpreted it, we conclude that the trial court's complete denial of an attorney's fee was based on an inaccurate view of the law and beyond its discretion. The verdict in favor of Logan was more than a technical victory. He established that Officer Marks's wrongful conduct caused him actual, compensable injury. Further, the award of damages in this case serves an important purpose of 42 U.S.C. § 1983 of deterring Officer Logan and his department from resorting to force without adequate justification. *See Morales, supra,* at 364. We do not decide whether Logan is entitled to the full fee requested. *See Hensley, supra,* at 440, 103 S.Ct. at 1943, 76 L.Ed.2d at 54 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."). The trial court retains the primary responsibility for determining the reasonable fee for the legal services performed on Logan's behalf. *Farrar, supra,* at 114–15, 113 S.Ct. at 574, 121 L.Ed.2d at 505. Accordingly, we reverse the order of the trial court and remand for a determination of a reasonable fee in light of the success achieved by Logan and the purposes of § 1988.

■ In fashioning an appropriate attorney's fee award, the trial court should begin by multiplying the "number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Washington, supra,* at 1035 (internal quotations and citation omitted). This computation produces a figure termed the "lodestar" which is "strongly presumed to yield a reasonable fee." *Id.* In this case, there is no basis for exclusion of hours devoted to the case on the basis of Logan's failure to prevail on specific claims. *See Hensley, supra* (attorney's fees should be reduced in proportion to time spent on distinct claims which do not produce finding of liability). Here, Logan prevailed on either of two analogous state and federal theories of liability and he successfully persuaded the jury that Marks's conduct caused him actual injury and was a product of a disregard of Logan's rights sufficient to justify an award of punitive damages. Further, the additional time devoted by Logan's counsel to defending the arbitration award should not be excluded as an unreasonable expenditure of resources. *See Rivera, supra.*

■ Once a reasonable figure is reached, the court retains the discretion to adjust it in light of the level of success achieved. Indeed, we reiterate that the degree of success is the critical consideration in determining an appropriate fee award. *Farrar, supra,* at 114–15, 113 S.Ct. at 574, 121 L.Ed.2d at 505. The court may not lower the fee to achieve proportionality with the size of the verdict. *Washington, supra.* The court may consider the relationship between the damages sought and those recovered. In this vein, we observe that the fact of a worker's compensation recovery, if established, and the subrogation rights of third parties should inform the court as to the practical level of success that Logan could have achieved. The degree of success cannot be measured simply in monetary terms, as the jury's verdict also involves the vindication of an invaluable constitutional and civil right. Also, the court should factor the deterrent effect of the jury's verdict and the potential public benefit inherent in one individual's challenge to police misconduct. Finally, the court should consider the purpose of § 1988 to cure the inadequacy of private fee arrangements to ensure vigorous enforcement of civil rights. *See Riverside, supra.* To this end, an appropriate fee should be one sufficient to attract competent counsel who might otherwise reject similar claims. *Id.*

We turn to address Logan's subsidiary arguments that § 1988 entitles him to payment of ordinary litigation expenses, and that he is entitled to interest on his ultimate award under § 1988. By its literal terms, § 1988 empowers a court to require the shifting of attorney's fees to the losing party. The authority to shift litigation costs must be derived from some other statutory authority. *West Virginia University Hospitals v. Casey,* 499 U.S. 83, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). Accordingly, Logan's entitlement to payment of his litigation costs is governed by the same principles applicable to all civil matters before our courts of common pleas. Logan has cited no authority indicating his entitlement to interest upon a § 1988 attorney's fee award.

Order **REVERSED**. Case **REMANDED**. Jurisdiction **RELINQUISHED**.

TAMILIA, J., files a Concurring Statement.

TAMILIA, Judge, concurring:

I concur in the result. I differ with the majority in that it has gone further than I would in instructing the trial court as to how to establish an appropriate award of counsel fees. The verdict in this case was nominal at best and the claim for counsel fees can only be considered excessive in relation to the success achieved. I believe the trial court should not be restricted in the exercise of his discretion in establishing an appropriate fee.