# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-3313/3314

_____

Sara J. Meeler,                                 *
                                                *
      Appellant/Cross-Appellee,     *
                                                * Appeals from the United States
    v.                                          * District Court for the
                                                * Western District of Arkansas
Ozark Nursing Home, Inc.                        *
                                                *         [UNPUBLISHED]
      Appellee/Cross-Appellant.     *

_____

Submitted:  November 29, 1999

Filed:  December 29, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Sara J. Meeler appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict for Ozark Nursing Home, Inc. (Ozark), in Meeler's employment discrimination suit, and Ozark cross-appeals from the district court's denial of its motion for attorney's fees. For reversal, Meeler argues she did not understand the district court's evidentiary rulings, Ozark misrepresented

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

evidence it presented at trial, the verdict was not supported by the evidence, and the district court erred in appointing her counsel only to "assist" her at trial.

Neither party has submitted a transcript of the trial. See Fed. R. App. P. 10(b). Without a transcript, we cannot review whether the district court erred in admitting or excluding evidence, whether Ozark made misrepresentations during trial, or whether sufficient evidence supports the jury's verdict. See Van Treese v. Blome, 7 F.3d 729, 729 (8th Cir. 1993) (per curiam) (review of district court's factual findings was foreclosed by appellant's failure to provide transcript); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 385-86 (8th Cir. 1987) (per curiam) (pro se appellant's failure to order trial transcript precluded review of district court's evidentiary rulings and jury's verdict), cert. denied, 484 U.S. 1071 (1988).

We also cannot determine, without a transcript, whether the district court abused its discretion in not awarding Ozark attorney's fees. See Loggins v. Delo, 999 F.2d 364, 368 (8th Cir. 1993) (standard of review). We note that Ozark conceded in its brief on appeal that, given the lack of a transcript of the trial, it would be appropriate to affirm the district court's order denying its motion for attorney's fees. See Brief for Appellee/Cross-Appellant at 20.

We conclude the district court did not abuse its discretion in appointing Meeler counsel only to assist her at trial. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (standard of review).

Accordingly, we affirm in each appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.