F I L E D
United States Court of Appeals
Tenth Circuit

FEB 10 2005

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT D. GANDY,

   Plaintiff-Appellant,

v.

JOE ORTIZ, Director; GARY
WATKINS, Superintendent; TREVOR
WILLIAMS, Major; LT. ADELMAN;
KATHERINE CHITTENDEN, Dr.,

   Defendant-Appellees.

No. 04-1225
(D.C. No. 04-Z-87)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

   Robert D. Gandy is a state prisoner in the custody of the Colorado

Department of Corrections (DOC). In response to disciplinary action taken

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

against him while in the DOC, Mr. Gandy filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) alleging a violation of his First Amendment free speech rights and a denial of due process. Mr. Gandy requested injunctive relief as well as money damages, back pay, and attorney's fees. The district court dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B). We affirm in part and reverse in part.

While incarcerated at the DOC, Mr. Gandy sent a letter to a commercial supplier (Home Depot) to inform the company of what he believed to be an illegal program being instituted at the prison that would impinge on the business of Home Depot. Prison officials confiscated the letter after it was returned to Mr. Gandy as nondeliverable because of an incorrect address. Based on the letter, Mr. Gandy was subsequently charged and found guilty of attempting to create a facility disruption in violation of the Code of Penal Discipline. He was sanctioned with ten days of punitive segregation, suspended from his paid work assignment, and, he asserts, further sanctioned with an increase in his security classification and transfer to a higher-security facility, which resulted in the loss of some of his personal property.

We review *de novo* a district court's dismissal under 28 U.S.C. § 1915(e),

taking the allegations in the complaint as true.[1]  *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).  Mr. Gandy contends that prison officials retaliated against him for exercising his First Amendment rights.  As a threshold matter, a prisoner in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected.  *Smith v. Maschner*, 899 F.2d 940, 942-45 (10th Cir. 1990).  While "[c]orrespondence between a prisoner and an outsider implicates the guarantee of freedom of speech," *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996), the control of mail to and from prisoners is a necessary adjunct to penal administration.  *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) (acknowledging that prison officials are better equipped than the judiciary to deal with the security implications of interactions between prisoners and the outside world); *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999) ("In the case of unprivileged incoming and outgoing mail, regulation by prison officials is essentially an administrative matter in which the courts will not intervene.").

The Supreme Court has ruled that restrictions on outgoing inmate mail are justified if reasonably related to an important government interest.  *Thornburgh*,

---

[1] Because Mr. Gandy is *pro se*, this court construes his pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

490 U.S. at 413-14; *Procunier v. Martinez*, 416 U.S. 396, 412-14 (1974), *overruled in part by Thornburgh*, 490 U.S. at 413-14. Where good cause is shown, therefore, a prisoner's outgoing mail can be read without violating the prisoner's First Amendment rights. *Procunier*, 416 U.S. at 412-13 (a challenged regulation or practice is constitutional if it promotes "one or more of the substantial government interests of security, order and rehabilitation"); *Belville v. Ednie*, 74 F.3d 210, 214 (10th Cir. 1996) ("In order to enforce permissible restrictions which are reasonably related to substantial government interests, corrections officers must be able to inspect all outgoing mail.").

The DOC regulations provide: "Non-privileged mail, both incoming and outgoing, may be opened and inspected for contraband or non-allowable property. Mail is read, censored, or rejected when based on legitimate facility interest of order and security." Rec., doc. 3, attach. 5. These regulations implicate important penological interests. Censorship of personal correspondence that include threats, blackmail, contraband, plots to escape, discuss criminal activities, or otherwise circumvent prison regulations, is essential to the protection of prison order and security. *Thornburgh*, 490 U.S. at 411-12 ("[d]angerous outgoing correspondence" in prison context can pose a "serious threat to prison order and security"); *Procunier*, 416 U.S. at 414 n.14 (personal correspondence including material which contains contraband, or was used to conduct illegal activity and

plots to escape, can be censored).

Prison officials, however, may not punish inmates for statements made in letters to outsiders that do not impinge on these important governmental interests. As the Supreme Court has stated, "[p]rison officials may not censor inmate correspondence simply to eliminate unflattering or unwelcome opinions or factually inaccurate statements." *Id*. at 413. "If prison officials cannot censor unflattering statements made in letters to outsiders, they also may not punish an inmate for the contents of such letters." *Brooks v. Andolina*, 826 F.2d 1266, 1268 (3d Cir. 1987); *see also Loggins v. Delo*, 999 F.2d. 364, 365-68 (8th Cir. 1993) (prison could not punish prisoner for statements in outgoing letter that did not implicate security concerns). In accordance with these principles, Mr. Gandy has stated a claim that the conduct which led to the alleged retaliation was constitutionally protected and that the disciplinary action taken against him violated his clearly established constitutional rights. The district court erred in dismissing his First Amendment retaliation claim as frivolous.

We nonetheless agree with the district court that Mr. Gandy's due process claim fails to raise an issue of constitutional magnitude. Due process is only constitutionally guaranteed when a person is deprived of life, liberty or property. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Changing an inmate's prison classification generally does not deprive him of liberty. *Hewitt v. Helms*,

-5-

459 U.S. 460, 468 (1983), *overruled, in part, on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (Due Process Clause does not protect a prisoner against transfer to a more restrictive prison). In addition, the imposition of disciplinary segregation that does not itself inevitably affect the duration of the prisoner's sentence does not implicate a liberty interest entitled to procedural due process protection. *Sandin*, 515 U.S. at 485-87. Consequently, Mr. Gandy has no legal basis to challenge his reclassification or placement in segregation under the due process clause.

The judgment of the district court is **REVERSED** in part, **AFFIRMED** in part, and **REMANDED** for further proceedings. Mr. Gandy's motion to proceed on appeal without prepayment of fees is **GRANTED**, and he is reminded that he is obligated to continue making partial payments toward the balance of his assessed fees and costs until they are paid in full.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge