# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3697

_____

| | | |
|---|---|---|
| Derrol Dee Kirby, III, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| John Roth, Ex Police Chief of Barling | * | |
| Police Department; Larry Merchant, | * | [UNPUBLISHED] |
| Next in charge under Police Chief, | * | |
| Barling Police Department; Kevin | * | |
| Dougan, Barling Patrolman, Barling | * | |
| Police Department; John Barbor, | * | |
| Barling Patrolman, Barling Police | * | |
| Department; City of Barling, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 25, 2011
Filed: May 2, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Derrol Dee Kirby, III, filed a pro se 42 U.S.C. § 1983 action against the City of Barling, Arkansas, and four officers of the Barling Police Department, claiming that the officers used excessive force against him and denied him medical care following his arrest. After conducting a bench trial, the district court found the use

of a taser against Kirby was unconstitutionally excessive, awarded him $167.42 in compensatory damages against the officers in their individual capacities, and ordered defendants to revise the policy concerning taser use. The court found for defendants on the claim of denial of medical care.

On appeal, Kirby argues that he should have received a larger award for his medical expenses, that he should have received damages for pain and suffering as well as punitive damages, that he should have prevailed on his medical-care claim, and that the trial judge was biased. He has also moved for recusal of any Arkansas-based judges on this court, and for production of the trial transcript at government expense. Defendants argue in part that Kirby's appeal should be dismissed because his brief did not comply with Federal Rule of Appellate Procedure 28.

We decline to dismiss Kirby's appeal, because he is proceeding pro se and his brief makes a discernable argument. See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (appellate courts do not generally hold pro se litigants rigidly to formal briefing standards set forth in Rule 28); cf. McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984) (appellate court may dismiss pro se appeal where brief submitted "contains no identifiable argument"). We deny Kirby's pending motions, and we find his assertion of bias below to be unfounded and meritless. See 28 U.S.C. § 455 (recusal); Liteky v. United States, 510 U.S. 540, 555 (1994) (bias); Bistram v. United States, 248 F.2d 343, 347-48 (8th Cir. 1957) (transcript).

We will not review the denial-of-medical-care claim, because for reversal Kirby merely asserts that a certain medical report, which was not made a part of the record, "speaks for itself." See LoSacco, 71 F.3d at 93 (appellate courts need not manufacture claims of error for pro se appellant).

As to the damages award for Kirby's medical expenses, the district court based it on a pharmacy bill, which was the only evidence of medical expenses proffered by

Kirby, and we conclude that the court properly declined to speculate as to the cost of other medical expenses in the absence of evidence. See Comcast of Ill. X v. Multi-Vision Elecs., Inc., 491 F.3d 938, 947 (8th Cir. 2007) (damages may not be determined by mere speculation or guess, but they may be subject to just and reasonable inference).

As to damages for pain and suffering and punitive damages, however, we note that Kirby requested such damages in the district court (see R. Doc. 64 at 4-5), but did not obtain a ruling. Because a section 1983 plaintiff may be awarded damages for pain and suffering, see Jackson v. Crews, 873 F.2d 1105, 1109 (8th Cir. 1989), and may be awarded punitive damages in certain circumstances, see Smith v. Wade, 461 U.S. 30, 56 (1983) (outlining standard), we remand for the court to address these requests.

Accordingly, we affirm the district court's judgment on the denial-of-medical-care claim and its damages award for medical expenses, and we remand for the district court to determine in the first instance whether to award damages for pain and suffering or punitive damages.

_____