# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1987

_____

Derrol Dee Kirby, III

*Plaintiff - Appellant*

v.

John Roth, Ex Police Chief of Barling Police Department; Larry Merchant, Next
in charge under Police Chief, Barling Police Department; Kevin Dougan, Barling
Patrolman, Barling Police Department; John Barbor, Barling Patrolman, Barling
Police Department; City of Barling

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: January 17, 2013
Filed: July 25, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Derrol Dee Kirby, III, while proceeding pro se, brought a 42 U.S.C. § 1983
claim alleging that Barling City, Arkansas police officers used excessive force against

him during a traffic stop and denied him medical care after his arrest. The district court[1] found in favor of Kirby in part, holding that the initial use of a Taser was excessive force but rejecting his claim of denial of medical care. The court ordered compensatory damages of $167.42. In his first appeal, also filed pro se, Kirby argued that the district court erred in failing to award him damages for pain and suffering or punitive damages. Recognizing the district court had failed to address Kirby's request for damages for pain and suffering and punitive damages, we remanded the matter to the district court to make that determination in the first instance. See Kirby v. Roth, 416 F. App'x 572 (8th Cir. 2011) (unpublished per curiam).

Following our remand, Kirby retained counsel. On remand, the district court conducted a supplemental bench trial to address the damages claims. The court determined that while Kirby received a cut to his face, some facial bruising, and other superficial facial injuries from his fall after he was initially Tasered, the majority of his injuries occurred when he subsequently resisted arrest. Thus, the court held that pain and suffering damages should be limited only to those injuries suffered by the initial use of the Taser. The district court rejected Kirby's request for punitive damages after finding that there was no evidence that defendants were motivated by evil intent or recklessness. After first awarding $1 in nominal pain and suffering damages, the district court increased that amount to $100 on reconsideration, based on the pain and suffering experienced by Kirby as a result of the initial Taser shots.

Kirby sought attorney's fees under 42 U.S.C. § 1988(b) of $15,900, representing 53 hours of work by counsel at $300 per hour. After considering the 12 factors identified in Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983), for the determination of the appropriate amount of fees that should be awarded, the district

---

[1]The Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

court granted attorney's fees of $4,005. The court found "[w]ith respect to the results obtained, a reduction is warranted in view of the limited success on the merits." The court noted Kirby did not prevail on his denial of medical care claim, compensatory damages were not significant, and no punitive damages were awarded.

Kirby again appeals, arguing (1) the district court clearly erred in making a finding of fact on remand that is inconsistent with the findings of fact made in the liability case; (2) when the district court determined Kirby could only recover for injuries suffered prior to the time he began resisting arrest, the district court engaged in "segmenting," or dividing the incident into segments to determine if officers were reasonable in their response to each segment of the incident, and this procedure has not been adopted by this court; (3) the district court abused its discretion in declining to award punitive damages based on a finding that officers did not act with evil motive or intent; and (4) the district court abused its discretion in awarding only $4,005 in attorney's fees.

We reject each of Kirby's claims. First, the district court did not clearly err in its factual findings. See Fed. R. Civ. P. 52(a)(6) (standard of review). It is clear that the district court considered the "initial Taser incident" to include the first two Taser shocks and distinguished this from Kirby's subsequent resisting arrest; thus, the district court's findings of fact on remand are consistent with its findings of fact in the liability case. Second, the district court properly analyzed this case to determine whether officers reacted reasonably as the circumstances rapidly evolved. See Graham v. Connor, 490 U.S. 386, 396-97 (1989) ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."). Third, the district court did not abuse its significant discretion when it determined that officers reasonably feared for their safety when they deployed their Tasers and thus were not motivated by evil motive or intent, nor did they act with reckless or callous

-3-

indifference to Kirby's constitutional rights.  See Williams v. Hobbs, 662 F.3d 994, 1011-12 (8th Cir. 2011) (holding that factfinder must make a threshold finding that defendants' conduct was motivated by evil motive or intent or involved reckless or callous indifference to the federally protected rights of others before an award of punitive damages can be made), cert. denied, 133 S. Ct. 243 (2012).  Finally, we agree with the district court that the limited success achieved by Kirby, as reflected in the modest compensatory damages and pain and suffering damages awarded, appropriately bears on the quantum of attorney's fees awarded under section 1988(b). See Loggins v. Delo, 999 F.2d 364, 369 (8th Cir. 1993) (noting limited success will limit the attorney's fee award).

We affirm.

_____