# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3679

_____

Lawrence Padrta; Ronald D. Holman,    *
parties immediately above on behalf of    *
themselves and all others similarly    *
situated,    *
         *
       Appellees,    *
         *   Appeal from the United States
    v.    *   District Court for the
         *   Western District of Missouri.
Ledar Transport, Inc.,    *
         *   [UNPUBLISHED]
       Appellant.    *

_____

Submitted: September 14, 2004
Filed: November 8, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Ledar Transport appeals the district court's[1] award of $199,104.00 in attorneys' fees under 42 U.S.C. § 14704(e) in a case where damages totaled $40,872.12. We affirm.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

I.


On March 25, 1996, Lawrence Padrta and Ronald Holman[2] filed a class action suit alleging Ledar had failed to provide accountings of owner-operator escrow funds and to return those funds in violation of the "Truth-in-Leasing" regulations, 45 U.S.C. § 14102 and 49 C.F.R. § 376.12(k). Padrta also alleged a state law breach of contract claim for failure to compensate the owner-operators properly. Ledar failed to respond, a default judgment was entered on June 21, 1996, and a class certified on September 6, 1996.

For the next several years, the parties engaged in discovery. Ultimately, a hearing on damages was held before a magistrate judge[3] and the magistrate issued a report on December 11, 2001 recommending that Ledar pay twenty-four members of the class a total of $38,994.22 in escrow-related damages and three members of the class a total of $1,877.90 in contract damages. The district court adopted the magistrate's report and ordered Ledar to pay the damages specified in the report.

Padrta then moved for attorneys' fees. The district court provisionally denied the initial request because the format of the request made it difficult for the district court to evaluate it. Per the district court's order, the plaintiffs resubmitted the request in the form suggested by the district court, requesting fees and costs totaling $342,233.13.

The district court eventually issued an order awarding Padrta $199,104 in legal fees. The district court indicated it had arrived at such an amount after reviewing the various documents submitted to it "in combination with the 'lodestar' method of

---

[2]For ease we refer to all the plaintiffs simply as "Padrta."

[3]The Honorable Sarah W. Hays, Magistrate Judge for the Western District of Missouri.

calculating fees." Add. at 1. The district court recognized Ledar believed the fees should be reduced while Padrta contended Ledar had fought compliance, thus increasing the fees—a proposition the district court found to be "partially true." Add. at 1.

The district court found the fee award "reflected a reasonable number of hours spent and the relevant hourly rate in this case." Add. at 1. The district court explicitly approved of the various hourly rates proposed by Padrta, but, in "considering the success achieved and the fact that the only issue before the Court was damages[,] . . . the Court t[ook] issue with (1) the time and labor required, and (2) the novelty and/or difficulty of the issues given the skill of plaintiffs' counsel." Add. at 1-2. In light of these considerations, the district court found excess in several categories and reduced the award to $199,104.00. Ledar filed a timely appeal.

II.

We review attorneys' fees awards for abuse of discretion. See, e.g., Wheeler v. Mo. Highway & Trans. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003).

The general rule is the starting point for the calculation of attorneys' fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). Ledar contends the district court failed to engage in the lodestar analysis and instead "simply set a lump-sum fee based on a few general criticisms." Appellant's Br. at 16.

Despite Ledar's assertions to the contrary, it is obvious the district court engaged in the lodestar analysis. The district court initially rejected Padrta's request because it was in a format which did not allow the court to evaluate it adequately. When the request was resubmitted in the proper format, the district explicitly

approved of the hourly rates and identified categories of work in which it believed the billing was excessive. This Court has never explicated the degree of specificity with which a district court must explain its attorneys' fees award. Essentially, however, the record must provide "meaningful insight into the trial court's thinking" so as to permit the appellate court its opportunity to review the district court's conduct and rationale. Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997). While the district court could have been more clear with regards to which precise bills it found to be excessive, we cannot say in this case we are unable to review the award.

With regards to the actual amount of fees awarded by the district court, Ledar claims approximately $200,000 in fees is an unreasonable award in a case where there were only $40,000 in damages. We have previously approved of attorneys' fees awards which are in a similar (and even slightly greater) ratio to the award at issue here. See Tusa v. Omaha Auto Auction, Inc., 712 F.2d 1248, 1255-56 (8th Cir. 1983). Furthermore, the district court explicitly found in its order that Ledar's own evasive tactics had led to a greater fee award. Ledar has pointed to no other factor which would lead us to determine the award in this case to be unreasonable. Our review is tempered by the fact "the district court was in the best position to assess the work done by counsel." Fish, 295 F.3d at 852. With nothing to suggest the district court abused its discretion, we find the award of attorneys' fees was reasonable.

III.

For the reasons stated, we affirm the district court's award of attorneys' fees.

_____